UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TAL ALEXANDER,

          Defendant.

Dkt. No. 24-CR-676 (VEC)

## MEMORANDUM OF LAW IN SUPPORT OF TAL ALEXANDER'S MOTION TO STAY REMOVAL TO THE SOUTHERN DISTRICT OF NEW YORK

    Defendant Tal Alexander, through undersigned counsel, moves to temporarily stay execution of the warrant of removal ordering the United States Marshals to transfer him to the Southern District of New York. Mr. Alexander seeks this stay pending a decision on the forthcoming motion to revoke pretrial detention, which he intends to file within seven days. Further, Mr. Alexander seeks this stay primarily to protect his Sixth Amendment right to counsel—that is, to allow him to consult with his lawyers on bond-related matters at a critical pretrial stage of the proceedings. Undersigned counsel has attempted to confer with the government in a good faith effort to resolve the issues raised in this motion. The government takes no position on Mr. Alexander's motion to stay removal. Mr. Alexander states the following in support of this motion:

    Mr. Alexander was indicted in this case on December 11, 2024, and arrested the same day at his parents' home in Miami Beach, Florida. He made an initial appearance the same day in front of Magistrate Judge Lisette M. Reid in the Southern District of Florida. The government moved for pretrial detention, and a detention hearing was held on December 13, 2024. Magistrate Judge Reid ordered him detained based on risk of flight, rejecting the asserted basis of a danger to the community.

Mr. Alexander waived an identity hearing and consented to removal of the proceeding to this district. On December 13, 2024, Magistrate Judge Reid signed a warrant ordering the United States marshals to transport Mr. Alexander to this district. The warrant was entered on the magistrate court docket on December 23, 2024. *See* Mag. Ct. Dkt. 33.

On December 16, 2024, Mr. Alexander had moved the magistrate court to reopen the detention hearing and to stay his removal to New York, *see* Mag. Ct. Dkt. 22; Magistrate Judge Reid denied that motion in a written order on December 20, 2024. Mr. Alexander plans to seek review and reconsideration of the magistrate court's bond decision in this Court, pursuant to 18 U.S.C. § 3145(b). In preparation for doing so, and in order to present the material grounds for relief, Mr. Alexander needs to consult with Miami-based counsel, who are handling bond matters and who are working with Mr. Alexander to determine a set of conditions that will overcome any concern for risk of flight. Mr. Alexander seeks the opportunity to further consult with counsel regarding community ties; evidentiary issues arising from *Jencks* material produced *after* the first detention hearing; and other matters critical to the bond motion he intends to file in this Court in the coming weeks. Transfer to another district often can take time, depending on various factors within the Bureau of Prisons. Communication with clients is exceedingly difficult, if not impossible, while in-custody defendants are in transit.

These difficulties are particularly problematic here because Mr. Alexander is charged jointly in this case with his brothers, Oren and Alon Alexander. Oren and Alon were initially taken into state custody, and their pretrial detention hearings in the Southern District of Florida are scheduled for December 30, 2024. The three brothers have a joint defense agreement, and in furtherance of this joint defense agreement, they need to meet together with their Miami-based lawyers, given the nature of the charges in which allegations made as to the three brothers require

2

discrete analysis with the joint participation of counsel and defendants.  Moreover, staying Mr. Alexander's removal to this district will not delay the government's case due to his brothers' December 30, 2024 bail hearing that will be held in the Southern District of Florida.

The Sixth Amendment right to counsel is crucial to the workings of the criminal justice system.  "An accused's right to be represented by counsel is a fundamental component of our criminal justice system.  Lawyers in criminal cases 'are necessities, not luxuries.'  Their presence is essential because they are the means through which the other rights of the person on trial are secured." *United States v. Chronic*, 466 U.S. 648, 653 (1984) (quoting *Gideon v. Wainwright*, 372 U.S. 335, 339-40 (1963).  This constitutional right applies with full force to bond and detention matters, which implicate fundamental due process rights.  *See, e.g., United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception"); *id*. at 751 (recognizing "the individual's strong interest in liberty" and noting that "[w]e do not minimize the importance and fundamental nature of this right").

To further these important liberty interests, Miami-based counsel needs to communicate with Mr. Alexander at this stage of proceedings, both individually and jointly, in coordination with bond-related matters in his brothers' cases.

Moreover, staying Mr. Alexander's removal to this district will not delay the government's case because his brothers have not yet had their bail hearing in the Southern District of Florida, which is scheduled for December 30, 2024.  To best achieve judicial economy in the joint handling of the case against all defendants, Mr. Alexander is willing to waive any time limits involved in regard to his transfer and to waive his presence as to this Court's review of the detention order under § 3145(b).

Mr. Alexander therefore moves this Court to temporarily stay his removal to this district, to allow him to consult with counsel regarding bond matters.

WHEREFORE Mr. Tal Alexander moves this Court to issue an order staying execution of his warrant of removal to the Southern District of New York.

Dated:   New York, NY
         December 24, 2024

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: _____
Milton L. Williams
Deanna M. Paul
Alexander Kahn
250 Vesey Street
New York, NY 10281
Tel: (212) 335-2030
mwilliams@wmhwlaw.com
dpaul@wmhwlaw.com
akahn@wmhwlaw.com

*Attorneys for Tal Alexander*