BNDLMR,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:24−mj−04544−LMR−1

Case title: USA v. Alexander

Date Filed: 12/11/2024

Date Terminated: 12/23/2024

Assigned to: Magistrate Judge Lisette M. Reid

**Defendant (1)**

**Tal Alexander**  
50978−511  
*YOB 1986; English*  
*TERMINATED: 12/23/2024*

represented by **Howard Milton Srebnick**  
Black Srebnick, P.A.  
201 S Biscayne Blvd, Ste 1300  
Miami, FL 33131  
305−371−6421  
Fax: 305−358−2006  
Email: HSrebnick@RoyBlack.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Deanna Paul**  
Walden Macht Haran & Williams, LLp  
250 Vessey Street 27th Floor  
New York, NY 10281  
(212) 335−2035  
Email: DPaul@wmhwlaw.com  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Joel M. Denaro**  
Joel Denaro, P.A.  
1000 Brickell Avenue  
Suite 201  
Miami, FL 33131  
305−371−1883  
Email: jdenaro@joeldenarolaw.com  
*ATTORNEY TO BE NOTICED*  
*Designation: Temporary*

**Milton L. Williams**  
Walden Macht Haran & Williams LLP  
250 Vesey Street, 27th Floor  
New York, NY 10281  
(212) 335−2030

Email: mwilliams@wmhlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

18:U.S.C.§1594(c) CONSPIRACY TO
COMMIT SEX TRAFFICKING;
18:U.S.C.§1591(a)and(b)(1),and(2)
SEX TRAFFICKING OF VICTIM−1
BY FORCE, FRAUD, OR
COERCION;
18:U.S.C.§1591(a)and(b)(1)and(2) SEX
TRAFFICKING OF VICTIM−2 BY
FORCE, FRAUD, OR COERCION

**Plaintiff**

**USA**                     represented by     **Noticing AUSA CR TP/SR**
                                                Email: Usafls.transferprob@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Retained*

                                                **Lauren Alexandra Astigarraga**
                                                DOJ−USAO
                                                99 NE 4th St
                                                Miami, FL 33132
                                                305−961−9000
                                                Email: lauren.astigarraga@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 12/11/2024 | 1 | Magistrate Judge Removal of Arrest Warrant and Superseding Indictment from SOUTHERN DISTRICT OF NEW YORK Case number in the other District 24−CRIM−676 as to Tal Alexander (1). (at) (Entered: 12/11/2024) |
|---|---|---|
| 12/11/2024 | 2 | **ORAL** MOTION to Unseal Case by Tal Alexander. (kan) (Entered: 12/12/2024) |
| 12/11/2024 | 3 | **ORAL** MOTION for Pretrial Detention hearing by Tal Alexander. (kan) (Entered: 12/12/2024) |
| 12/11/2024 | 4 | ORDER granting 2 Motion to Unseal Case as to Tal Alexander (1). Signed by Magistrate Judge Lisette M. Reid on 12/11/2024. *See attached document for full details.* (kan) (Entered: 12/12/2024) |
| 12/11/2024 | 5 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Joel M. Denaro appearing for Tal Alexander (kan) (Entered: 12/12/2024) |
| 12/11/2024 | 6 | **ORAL** DEFENDANT'S MOTION to have PTD hearing on Friday by Tal Alexander. (kan) (Entered: 12/12/2024) |
| 12/11/2024 | 7 | Minute Order for proceedings held before Magistrate Judge Lisette M. Reid: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Tal Alexander held on 12/11/2024. Granting 3 Motion for Pretrial Detention hearing as to Tal Alexander (1); Bond recommendation/set: Tal Alexander (1) PTD requested by the Government: risk of flight and danger to the community. Date of Arrest or Surrender: 12/11/2024. Granting 6 Motion to have PTD hearing on Friday as to Tal Alexander. (Detention Hearing and Removal Hearing set for 12/13/2024 01:00 PM in Miami Division before MIA Duty Magistrate Judge.) (Digital 13:27:10)<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence− that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Lisette M. Reid (kan) (Entered: 12/12/2024) |
| 12/12/2024 | 8 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Milt Williams. Filing Fee $ 250.00. Receipt # AFLSDC−18049396 by Tal Alexander. Responses due by 12/26/2024. (Attachments: # 1 Certification)(Denaro, Joel) (Entered: 12/12/2024) |
| 12/12/2024 | 9 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Deanna Paul. Filing Fee $ 250.00. Receipt # AFLSDC−18049409 by Tal Alexander. Responses due by 12/26/2024. (Attachments: # 1 Certification)(Denaro, Joel) (Entered: 12/12/2024) |
| 12/13/2024 | | Attorney update in case as to Tal Alexander. Attorney Deanna Paul, Milton L. Williams for Tal Alexander added (pt) (Entered: 12/13/2024) |
| 12/13/2024 | 10 | |

|  |  |  |
|---|---|---|
|  |  | PAPERLESS ORDER denying 8 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Milt Williams as to Tal Alexander. Counsel seeking Pro Hac Vice admission failed to sign his Certification. The Motion may be refiled. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. (ari) (Entered: 12/13/2024) |
| 12/13/2024 | 11 | PAPERLESS ORDER denying 9 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Deanna Paul as to Tal Alexander. Counsel seeking Pro Hac Vice admission failed to sign her Certification. The Motion may be refiled. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. (ari) (Entered: 12/13/2024) |
| 12/13/2024 | 12 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Deanna Paul. Filing Fee $ 250.00. Amended/Corrected Motion to Appear Pro Hac Vice Filed − Filing Fees Previously Paid. See 9 Motion to Appear Pro Hac Vice, by Tal Alexander. Responses due by 12/27/2024. (Attachments: # 1 Certification)(Denaro, Joel) (Entered: 12/13/2024) |
| 12/13/2024 | 13 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Milt Williams. Filing Fee $ 250.00. Amended/Corrected Motion to Appear Pro Hac Vice Filed − Filing Fees Previously Paid. See 8 Motion to Appear Pro Hac Vice, by Tal Alexander. Responses due by 12/27/2024. (Attachments: # 1 Certification)(Denaro, Joel) (Entered: 12/13/2024) |
| 12/13/2024 | 14 | PAPERLESS ORDER granting 12 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Deanna Paul as to Tal Alexander. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. (ari) (Entered: 12/13/2024) |
| 12/13/2024 | 15 | PAPERLESS ORDER granting 13 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Milt Williams as to Tal Alexander. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. (ari) (Entered: 12/13/2024) |
| 12/13/2024 | 16 | **ORAL** MOTION for Pretrial Detention by USA as to Tal Alexander. (fbn) (Entered: 12/16/2024) |
| 12/13/2024 | 17 | PAPERLESS ORDER granting 16 Motion for Pretrial Detention as to Tal Alexander (1) as to risk of flight only. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. (fbn) (Entered: 12/16/2024) |
| 12/13/2024 | 18 | Minute Order for proceedings held before Magistrate Judge Lisette M. Reid: Pretrial Detention Hearing as to Tal Alexander held on 12/13/2024. Witness Special Agent, Justin Atwood (FBI) sworn and testified. Bond recommendation/set: Tal Alexander (1) Defendant Detained based on risk of flight only. Defendant Waived Removal. Order of Removal issued. (Digital 14:05:09// 15:53:53) Signed by Magistrate Judge Lisette M. Reid (fbn) (Main Document 18 replaced on 12/19/2024) (br). (Entered: 12/16/2024) |
| 12/13/2024 | 19 | EXHIBIT and WITNESS LIST by Tal Alexander. (fbn) (Entered: 12/16/2024) |
| 12/13/2024 | 20 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Tal Alexander. (fbn) (Entered: 12/16/2024) |
| 12/16/2024 | 21 |  |

4

| | | |
|---|---|---|
| | | NOTICE OF ATTORNEY APPEARANCE: Howard Milton Srebnick appearing for Tal Alexander . Attorney Howard Milton Srebnick added to party Tal Alexander(pty:dft). (Srebnick, Howard) (Entered: 12/16/2024) |
| 12/16/2024 | 22 | Defendant's MOTION to Reopen Detention Hearing and Stay Removal and Memorandum in Support by Tal Alexander. Responses due by 12/30/2024. (Srebnick, Howard) (Entered: 12/16/2024) |
| 12/16/2024 | 23 | PAPERLESS *SUA SPONTE* ORDER as to Tal Alexander. The Government shall file its Response to Defendant's Motion to Reopen Detention Hearing and Stay Removal [ECF No. 22] by **December 18, 2024.** Signed by Magistrate Judge Lisette M. Reid on 12/16/2024. (ari) (Entered: 12/16/2024) |
| 12/17/2024 | | Set Deadlines in case as to Tal Alexander 22 Defendant's MOTION to Reopen Detention Hearing and Stay Removal and Memorandum in Support . The Government shall file its Response to Defendant's Motion to Reopen Detention Hearing and Stay Removal [ECF No. 22 ] by December 18, 2024. Responses due by 12/18/2024. Per DE# 23 . (nan) (Entered: 12/17/2024) |
| 12/17/2024 | 24 | ORDER OF DETENTION as to Tal Alexander. Signed by Magistrate Judge Lisette M. Reid on 12/17/2024. *See attached document for full details.* (br) (Entered: 12/17/2024) |
| 12/18/2024 | 25 | MOTION for Extension of Time to File Response *to the Defendant's Motion to Reopen the Detention Hearing* by USA as to Tal Alexander. Attorney Lauren Alexandra Astigarraga added to party USA(pty:pla). Responses due by 1/2/2025. (Astigarraga, Lauren) (Entered: 12/18/2024) |
| 12/18/2024 | 26 | PAPERLESS ORDER granting 25 Unopposed Motion for Extension of Time to File Response to the Motion to Reopen the Detention Hearing. [ECF No. 22]. The Government shall file its Response to the Motion by **December 19, 2024.** Signed by Magistrate Judge Lisette M. Reid on 12/18/2024. (ari) (Entered: 12/18/2024) |
| 12/18/2024 | 27 | RESPONSE to Motion by Tal Alexander re 25 MOTION for Extension of Time to File Response *to the Defendant's Motion to Reopen the Detention Hearing* Replies due by 12/26/2024. (Srebnick, Howard) (Entered: 12/18/2024) |
| 12/19/2024 | 28 | SUPPLEMENT to 22 Defendant's MOTION to Reopen Detention Hearing and Stay Removal and Memorandum in Support filed by Tal Alexander by Tal Alexander (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B) (Srebnick, Howard) (Entered: 12/19/2024) |
| 12/19/2024 | 29 | NOTICE OF ATTORNEY APPEARANCE Lauren Alexandra Astigarraga appearing for USA. (Astigarraga, Lauren) (Entered: 12/19/2024) |
| 12/19/2024 | 30 | TRANSCRIPT of Detention Hearing as to Tal Alexander held on 12/13/2024 before Magistrate Judge Lisette M. Reid, 1−77 pages, Court Reporter: Bonnie Joy Lewis, 954−985−8875. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2025. Redacted Transcript Deadline set for 1/21/2025. Release of Transcript Restriction set for 3/19/2025. (apz) (Entered: 12/19/2024) |
| 12/19/2024 | 31 | RESPONSE in Opposition by USA as to Tal Alexander re 22 Defendant's MOTION to Reopen Detention Hearing and Stay Removal and Memorandum in Support Replies due by 12/26/2024. (Astigarraga, Lauren) (Entered: 12/19/2024) |

5

| 12/20/2024 | [32](#) | ORDER denying [22](#) Defendant Tal Alexander's Motion to Reopen the Detention Hearing in this case, pursuant to 18 U.S.C. § 3142(f) and to stay removal of this case to the Southern District of New York. Signed by Magistrate Judge Lisette M. Reid on 12/20/2024. *See attached document for full details.* (ari) (Entered: 12/20/2024) |
|---|---|---|
| 12/23/2024 | [33](#) | WARRANT OF REMOVAL ISSUED to the Southern District of New York as to Tal Alexander. Closing Case for Defendant. Signed by Magistrate Judge Lisette M. Reid on 12/13/2024. *See attached document for full details.* (br) (Entered: 12/23/2024) |

Case 1:24-cr-00676-VEC    Document 11    Filed 12/27/24    Page 7 of 16
Case 1:24-mj-04544-MR    Document 1    Entered on FLSD Docket 12/23/2024    Page 7 of 185
Case 1:24-mj-04544-MR34 Document 1    Filed 12/11/24    Page 7 of 9

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

United States of America
v.

Tal Alexander

*Defendant*

FILED BY __mp__ D.C.
**Dec 11, 2024**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

Case No. **24-MJ-4544-REID**

24 CRIM 676

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Tal Alexander

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1594 - conspiracy to commit sex trafficking by force, fraud, and coercion
18 U.S.C. §§ 1591(a), (b)(1) and 2 - sex trafficking by force, fraud, and coercion, and aiding and abetting same

Date: 12/06/2024

*Tammi M. Hellwig*
*Issuing officer's signature*

**Tammi M. Hellwig**

City and state: New York, New York

*Printed name and title*

### Return

| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
|---|

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ALON ALEXANDER,
OREN ALEXANDER, and
TAL ALEXANDER,

                Defendants.

**24-MJ-4544-REID**

**SUPERSEDING INDICTMENT**

S1 24 Cr. 676

**COUNT ONE**
**(Conspiracy to Commit Sex Trafficking)**

The Grand Jury charges:

**OVERVIEW**

1.     For well over a decade and at all times relevant to this indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER (collectively, the "ALEXANDER BROTHERS"), the defendants, worked together and with others known and unknown, to repeatedly and violently drug, sexually assault, and rape dozens of victims. At times, the ALEXANDER BROTHERS arranged for these sexual assaults well in advance, using the promise of luxury experiences, travel, and accommodations to lure and entice women to locations where they were then forcibly raped or sexually assaulted, sometimes by multiple men, including one or more of the ALEXANDER BROTHERS. Other times, the ALEXANDER BROTHERS encountered and chose their victims by chance. Often, the ALEXANDER BROTHERS drugged their victims before assaulting them, preventing them from fighting back or escaping.

2.     ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, worked together and with others to carry out and facilitate their sex trafficking scheme,

8

including on some occasions by committing forcible rapes and sexual assaults together and with others, jointly arranging domestic and international travel and accommodations, and jointly financing the scheme.

## BACKGROUND

3. ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, are brothers. ALON ALEXANDER and OREN ALEXANDER are twins and TAL ALEXANDER is approximately one year older. At all times relevant to this Indictment, OREN ALEXANDER and TAL ALEXANDER were real estate agents who focused on ultra-luxury markets in New York City, Miami, Florida, and other locations. Since at least in or around 2012, ALON ALEXANDER has been an executive of a private security firm owned and operated by his family.

4. Starting in at least in or about 2010, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, operated a long-running sex trafficking scheme, as part of which they raped and sexually assaulted women to whom they had provided material benefits, including domestic and international travel to vacation destinations, luxury accommodations at high-end hotels and vacation properties, and access to other luxury experiences and events. The ALEXANDER BROTHERS' scheme was based in, among other places, Manhattan, New York and Miami, Florida, where the defendants maintained residences and where their businesses were based.

5. To carry out and facilitate their sex trafficking scheme, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, used deception, fraud, and coercion, to cause victims to travel with them or meet them in private locations. Thereafter, the ALEXANDER BROTHERS used various methods, including drugging the victims and, at times,

2

physical force, to rape and sexually assault the victims—sometimes alone and sometimes together. In particular, the defendants used the following means and methods, among others, to carry out their sex trafficking scheme:

    a.    The ALEXANDER BROTHERS used their wealth and positions to create and facilitate opportunities to rape and sexually assault women. In particular, on multiple occasions, OREN ALEXANDER and TAL ALEXANDER used their prominent positions in the real estate industry to induce other women to attend events and parties, and to meet other women at those events and parties, whom one or more of the defendants later sexually assaulted.

    b.    The ALEXANDER BROTHERS worked together and with other men to arrange events and domestic and international trips they used as bait to recruit, entice, harbor, transport, and maintain multiple women. During the events and trips, the defendants frequently raped and sexually assaulted the women they enticed to attend.

    c.    At times, the ALEXANDER BROTHERS used social connections or the guise of starting a relationship to lure and entice women to meet with one or more of them at a public place or group event, or to travel to meet one or more of the defendants. On multiple occasions, the defendants—alone or together—then sexually assaulted the woman, sometimes within hours of their meeting. Immediately following the sexual assaults, the defendants sometimes offered the victims material items, including travel, concert tickets, and other luxury experiences.

    d.    Some trips and events were organized by the ALEXANDER BROTHERS well in advance and involved domestic and international travel. The ALEXANDER BROTHERS worked together and with others to recruit women to attend these events and trips. The defendants, at times with others, shared photographs of women to select those they found sufficiently attractive

3

to invite. The defendants and other men organizing the trip then contacted the women, including through social media or dating applications, and induced the women to attend by, among other things, offering to purchase their flights, making other travel arrangements, and/or providing accommodations without charge.

      e.    In addition to inviting women to their events directly, the ALEXANDER BROTHERS and others worked with party promoters to arrange for women to attend events or travel with them, in order to ensure that there were a sufficient number of women present.

      f.    On some occasions, after the women accepted the invitations to attend a particular event, the ALEXANDER BROTHERS transported women and caused women to be transported across state and international lines. The defendants and other men attending the trips pooled financial resources in order to pay for flights and other travel expenses for the women.

      g.    In advance of the events, the ALEXANDER BROTHERS and others procured drugs that they agreed to provide to the women, including, among other things, cocaine, mushrooms, and GHB. On multiple occasions during these events and trips, the ALEXANDER BROTHERS and others surreptitiously drugged women's drinks. Some of the victims experienced symptoms of impaired physical and mental capacity, including limitations of movement and speech and incomplete memories of events.

      h.    The ALEXANDER BROTHERS, sometimes acting alone, sometimes with each other, and sometimes with other men, forcibly raped or sexually assaulted their victims. At times, the defendants physically restrained and held down their victims during the rapes and sexual assaults and ignored screams and explicit requests to stop.

6.    The agreement between ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, encompassed numerous other acts of sexual violence in addition

4

to sexual assaults during planned trips and events. On numerous occasions, the ALEXANDER BROTHERS drugged and raped or sexually assaulted women they encountered by chance, including women they met at bars and nightclubs, social events, and on dating applications. The ALEXANDER BROTHERS similarly carried out these rapes and sexual assaults by, among other things, drugging and incapacitating victims, taking victims to isolated locations, physically restraining victims while raping and sexually assaulting them alone, together, and with other men, and ignoring victims' explicit demands to stop.

## STATUTORY ALLEGATIONS

7.      From at least in or about 2010, up to and including at least in or about 2021, in the Southern District of New York and elsewhere, in and affecting interstate commerce, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, knowingly, did combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, persons, and to benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, and others known and unknown, agreed to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit women, including but not limited to Victim-1 and Victim-2, as alleged in Counts Two and Three respectively, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, would be used to cause the women, including but not

limited to Victim-1 and Victim-2, to engage in commercial sex acts.

(Title 18, United States Code, Section 1594(c).)

### COUNT TWO
(Sex Trafficking of Victim-1 by Force, Fraud, or Coercion)

The Grand Jury further charges:

8. In or about July 2011, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

### COUNT THREE
(Sex Trafficking of Victim-2 by Force, Fraud, or Coercion)

The Grand Jury further charges:

9. In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice,

6

harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), to wit ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, maintaining, patronizing, and soliciting of, Victim-2, and caused Victim-2 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-2 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

**FORFEITURE ALLEGATIONS**

10.     As a result of committing the offenses alleged in Counts One through Three of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON  12/11/24

Damian Williams
DAMIAN WILLIAMS
United States Attorney

8

15

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Magistrate
Judge Lisette M. Reid (reid@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:25026470@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04544-LMR USA v. Alexander Motion to Unseal Case
```
Content−Type: text/html

# U.S. District Court

## Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 12/12/2024 at 10:45 AM EST and filed on 12/11/2024

| | |
|---|---|
| **Case Name:** | USA v. Alexander |
| **Case Number:** | 1:24−mj−04544−LMR |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**ORAL MOTION to Unseal Case by Tal Alexander. (kan)**

**1:24−mj−04544−LMR−1 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

**1:24−mj−04544−LMR−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**