Case 1:24-cr-00676-VEC   Document 13   Filed 12/30/24   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
   UNITED STATES OF AMERICA,                                   :
                                                               :
                  -against-                                    :     24-CR-676 (VEC)
                                                               :
   TAL ALEXANDER,                                              :     ORDER
                                                               :
                                   Defendant.                  :
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 11, 2024, a superseding indictment was returned in the Southern District of New York ("S.D.N.Y.") naming Alon Alexander, Oren Alexander, and Tal Alexander as defendants, *see* S.D.N.Y. Dkt. 3;[1]

WHEREAS that same day, Tal Alexander was arrested and presented before Magistrate Judge Lisette M. Reid of the United States District Court for the Southern District of Florida ("S.D. Fla.") pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure, *see United States v. Alexander*, 1:24-mj-4544 (S.D. Fla. Dec. 11, 2024), at S.D. Fla. Dkt. 7;

WHEREAS on December 17, 2024, Judge Reid ordered Tal Alexander detained pending trial ("Detention Order") and, on December 20, 2024, denied his request to reopen the detention hearing, *see* S.D. Fla. Dkts. 24, 32;

WHEREAS on December 23, 2024, Judge Reid ordered the United States Marshal to transport Tal Alexander to the Southern District of New York, *see* S.D. Fla. Dkt. 33 ("Removal Order");

---

[1] "S.D.N.Y. Dkt." refers to the docket entries in *United States v. Alexander*, 24-cr-676 (S.D.N.Y. Dec. 11, 2024). "S.D. Fla. Dkt." refers to the docket entries in *United States v. Alexander*, 24-mj-4544 (S.D. Fla. Dec. 11, 2024).

WHEREAS on December 24, 2024, Tal Alexander informed the Undersigned that, within the next seven days, he intends to appeal the Detention Order, and he moved the Undersigned to stay the Removal Order, *see* S.D.N.Y. Dkts. 9–10;

WHEREAS Tal Alexander argues that the removal process will take considerable time and prevent him from consulting with his Florida-based attorneys during transit as he prepares his appeal of the Detention Order, and his co-defendants — with whom he has entered a joint defense agreement — are scheduled to have their detention hearings in the Southern District of Florida on December 30, 2024, *see* S.D.N.Y. Dkt. 10;

WHEREAS the Government takes no position on Tal Alexander's application, *see* S.D.N.Y. Dkt. 9;

WHEREAS this Court has jurisdiction over any appeal of the Detention Order, *see* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order"); *United States v. El Edwy*, 272 F.3d 149, 152 (2d Cir. 2001) (the court having original jurisdiction under § 3145 is "the district court in which the prosecution is pending");

WHEREAS the Court has found no authority specifically addressing whether it has jurisdiction to stay the Removal Order;

WHEREAS the Second Circuit has held that the "ultimate authority" regarding whether to detain or conditionally release a defendant lies with the court in the prosecuting district, *see El Edwy*, 272 F.3d at 153, and the Removal Order necessarily presumes that Defendant has been detained;

WHEREAS one court has held that it did not have jurisdiction on direct appeal to review a detention order of a defendant arrested on an out-of-district warrant, noting that a "defendant may address all pertinent issues in the district where the charges are pending" and observing that

"[r]emoval proceedings under the federal rules place jurisdiction with the magistrate judge and review of removal orders by a district judge would be a direct contradiction of congressional intent," *United States v. Castellon*, No. 15MJ0185 JMA (AJB), 2015 WL 11198777, at *1 (S.D. Cal. Feb. 5, 2015);

WHEREAS, on the other hand, several Circuit Courts, in the somewhat-different context of deciding whether there is a right to a direct appeal of a detention order issued in the arresting jurisdiction, have noted that a removal order is not appealable, *see United States v. McCray*, 458 F.2d 389, 389 (9th Cir. 1972) (per curiam) ("Direct appeal does not in the pre-trial stage apply to federal removal proceedings."); *United States v. Woodring*, 446 F.2d 733, 737 n.3 (10th Cir. 1971) ("An order of removal under Rule 40 is not appealable."); *United States v. Perkins*, 433 F.2d 1182, 1184 (D.C. Cir. 1970) ("[T]he general rule has been that even the terminal removal order is interlocutory and that no appeal from it lies.");

WHEREAS "[c]ourts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities," *United States v. Bescond*, 24 F.4th 759, 773 (2d Cir. 2021) (quoting *Degen v. United States*, 517 U.S. 820, 823 (1996));

WHEREAS the Court determines that it has jurisdiction to stay the Removal Order by virtue of its "ultimate authority" over whether Tal Alexander will be detained pending trial, *El Edwy*, 272 F.3d at 153;

WHEREAS the Court finds that Tal Alexander has exaggerated the difficulties he would experience if he were in transit to New York while his attorney is formulating an argument why the Detention Order should be modified or reversed, S.D.N.Y. Dkt. 10 at 2, and sees almost no merit to his argument that his presence in Florida is necessary while his co-defendants and their attorneys formulate their arguments why they should not be detained pending trial, *id*. at 3, it nevertheless concludes that a modest delay in removal is appropriate to give Tal Alexander and

his attorney easier access to each other during the limited period of time necessary to prepare the appeal of the Detention Order;

IT IS HEREBY ORDERED that the Removal Order is STAYED until the earlier of Monday, January 6, 2025, or a removal order being entered against either of Tal Alexander's co-defendants.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at S.D.N.Y. Dkt. 9.

**SO ORDERED.**

Date:  **December 30, 2024**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**