UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #:_____                    │
│ DATE FILED:__3/3/2025____                │
└─────────────────────────────────────────┘

United States of America

v.

ALON ALEXANDER,
OREN ALEXANDER, and
TAL ALEXANDER,

*Defendants.*

**Protective Order**

**S1 24 Cr. 676 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2023.11.26

2.     **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses [1] who may be subject to intimidation or obstruction, or whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3.     **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4.     **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

---

[1] Any material that contains information identifying any victims and/or witnesses is considered, at a minimum, SEALED, even if not so marked.  Pursuant to this Order, the identities of victims and witnesses cannot be made public in a manner that identifies, or would reasonably be expected to identify, those persons as victims and/or witnesses, absent prior approval by the Government or further application to the Court. Any names or other identifying information of victims and witnesses will be redacted from public court filings.

2023.11.26

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

5.    Disclosure Material shall not be disclosed by the defendants or their respective defense counsel, including any successor counsel ("the defense") other than as set forth herein.[2] The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. With the limited exception of Disclosure Material that consists of ESI that originally belonged to the defendants, and that has not been designated pursuant to the terms of this Order as Sealed Material, APO Material, or AEO Material, Disclosure Material shall be used by the defense solely for purposes of defending this action.

6.    Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a.   The defendants;

    b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c.   Prospective witnesses for purposes of defending this action, provided that defense counsel (or personnel for whose conduct defense counsel is responsible) has (i) reviewed this Order with such prospective witness and that such prospective witness (and the prospective witness's counsel, if Sealed Material is disclosed to such counsel), (ii) provided the prospective

---

[2] The restrictions on the "disclosure" of the materials covered by this order encompasses the direct disclosure, provision, or use of the materials, as well as descriptions of the materials that conveys their content.

2023.11.26

witness with a copy of this Order, and (iii) recorded on Attachment A to this Order the names of any prospective witnesses and their counsel with whom Sealed Material has been disclosed and dates of the disclosure. Notwithstanding the above, neither the prospective witness nor any counsel for the prospective witness is permitted to review, handle, or otherwise possess any Sealed Material outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible.[3] Defense counsel will maintain an updated version of Attachment A in their records and every 60 days will file an updated copy of Attachment A under seal and *ex parte* with the Court.

7.   APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' respective counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.   All visual depictions, including any photograph, film, video, picture, or image, of sexually explicit conduct or nudity, will be designated as APO Material regardless of whether it has been designated as such by the Government.[4] At the discretion of the Government, certain

---

[3] Personal identifying information of victims (names, contact information, dates of birth, other PII, etc.) shall be redacted from any materials to be shared with personnel and prospective witnesses pursuant to this paragraph.

[4] This provision is limited as follows: such material located on the defendants' devices or cloud accounts, shall be designated as "APO," which the defendant may view under the following agreed upon conditions: (1) the material is viewed by the relevant defendant in the presence of defense counsel, (2) on a device approved by the Government, (3) in an approved private room in the jail facility or other facility approved by the Government, and (4) defense counsel ensures that such

2023.11.26

APO Material depicting sexually explicit conduct or nudity and/or constituting contraband may be designated AEO Material or made available for in-person inspection only.[5]

9.   AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1, this District's Local Rules, this District's ECF Privacy Policy,[6] and the above provisions.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed APO Material unless otherwise designated.

---

material will be not be accessible or viewable by incarcerated individuals other than the defendant, visitors, or others who are not part of the defense.

[5] Any contraband material constituting child pornography or depicting nudity involving minors shall be made available for inspection only.

[6] Accessible at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

2023.11.26

12. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations. If the parties are unable to resolve disputes after meeting and conferring, nothing in this Agreement limits either party's ability to seek Court intervention. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Disclosure Material in advance of such disclosure. All such persons shall be subject to the terms of this Order if they review such material. Defense counsel shall maintain a record of what information has been disclosed to which such persons, consistent with Paragraph 6(c) above.

14. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

2023.11.26

### Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

> Notwithstanding any of the foregoing provisions, the parties must still comply with Rule 3 of the Undersigned's Individual Practices in Criminal Cases when filing any submission in redacted form or under seal.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney

by: _____     Date:  February 25, 2025
Kaiya Arroyo / Elizabeth A. Espinosa /
Andrew Jones
Assistant United States Attorneys


_____     Date:  February 26, 2025
Howard Srebnick
Attorney for Alon Alexander


_____     Date:  February 26, 2025
Richard Klugh / Jenny Wilson
Counsel for Oren Alexander


_____     Date:  February 26, 2025
Milton Williams / Deanna Paul /
Alexander Kahn
Counsel for Tal Alexander


SO ORDERED:

Dated:  New York, New York
         March 3, 2025

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

2023.11.26

**Attachment A to Protective Order**
**United States v. Alexander, et al., 24 Cr. 676 (VEC)**

| Printed Name | Date |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

2023.11.26