May 5, 2025

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United Courthouse
40 Foley Square New York, New York 10007

    Re:   *United States v. Alon Alexander*, et al., No. 24-cr-00676 (VEC)
           **Request for Status Conference, Preferably by Video or Telephone**

Dear Judge Caproni:

    During the February 7, 2025, arraignment, the government informed the Court that it expected to seek a second superseding indictment "charging multiple counts as to additional statutory victims. ECF#54:16. The Court asked the government, "When does the government anticipate being able to identify for the defense who you anticipate to be the victims that are sort of subjects of particular criminal charges?" The government responded:

    MS. ESPINOSA: You mean, your Honor, when would we be in a position to supersede and, therefore, have the universe of additional statutory victims?

    THE COURT: Right.

    MS. ESPINOSA: So, we would, I think we will need at least *another month or two*, but we are certainly willing to work efficiently on that with your Honor, because we have a number identified now. But given that we are continuing to identify more, we were planning to essentially time our superseding schedule off a trial date to ensure that it was adequately in advance of any trial. So a fall trial, I think that in *a month or two, potentially three*, at the outset -- outside, we would be in a position to do so. That said, your Honor, we are continuing to hear from additional victims, to identify additional victims. I certainly wouldn't want to foreclose having -- if we identify an additional statutory victim in the summer, there may be other

issues that impact whether that is included at any trial. But we certainly are not committing that we would not bring additional counts on that basis.

ECF#54:19-20 (emphasis added). As of this writing, the grand jury has not further superseded the pending indictment.

When, on April 23, 2025, undersigned inquired whether the government "expect(s) to supersede the indictment before the current deadline for pretrial motions (May 20, 2025)," the government informed that it "intend[s] to supersede the indictment in the near term," but "cannot provide more specific information on timing." When undersigned counsel requested that the government "identify for us at this time—even if necessary on a restricted basis—the individuals comprising the asserted victims of the charged offenses," the government declined to do so.

In light of the approaching May 20 pretrial motions deadline, the defendants jointly request that the Court convene an attorney status conference this week, preferably by video or telephone to accommodate out-of-district counsel, to discuss scheduling and discovery-related issues, as several of the pretrial motions (*e.g.*, to dismiss, to sever) depend on the allegations in the impending, second superseding indictment, which has not yet been filed.

                                          Respectfully submitted,

| /s Howard M. Srebnick | /s Richard Klugh | /s Milton L. Williams, Jr. |
|---|---|---|
| **Howard M. Srebnick** | **Richard Klugh** | **Milton L. Williams, Jr.** |
| **Jason Goldman** | for Oren Alexander | **Alexander Kahn** |
| for Alon Alexander | | **Deanna Paul** |
| | | for Tal Alexander |