

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2025
```

250 Vesey Street
27th Floor
New York, NY 10281

wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

June 9, 2025

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Re:   *United States v. Tal Alexander*, Docket No. 24-CR-00676 (VEC)

Dear Judge Caproni:

We represent Defendant Tal Alexander in the above captioned matter. Pursuant to Your Honor's Individual Criminal Rule 3(A)(1), we respectfully request to file certain portions of Mr. Alexander's forthcoming motion to suppress evidence obtained from search warrants and identification evidence (the "Motion") in redacted form and/or under seal. The Government consents to this request.

First, Mr. Alexander seeks to file a memorandum of law and declaration in support of the Motion with redactions to certain material to comply with the Protective Order in this matter (ECF 57), as the proposed redacted material "affect[s] the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations" (*id.*).

Mr. Alexander also seeks to file certain exhibits in support of the Motion under seal on three separate grounds. First, like the memorandum of law, some of the exhibits are designated to be sealed under the Protective Order. *See* Exs. 30-32, 35. Second, we request permission to file under seal certain exhibits, including photo books used in identification procedures and documents that may identify government witnesses, to protect the privacy interests of uncharged third parties and government witnesses. *See* Exs. 2-18, 23, 29, 34; *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995); *United States v. Jones*, 21-CR-59 (LAP), at *9 (S.D.N.Y. April 19, 2024). Third, we seek to file under seal one exhibit which contains personal identifying information belonging to Mr. Alexander. *See* Ex. 33.

We will provide proposed redactions and proposed exhibits for sealing to the Court for in camera review, consistent with Rule 3(A)(1). Thank you for your consideration.

2

          Respectfully submitted,

          */s/ Milton L. Williams*
            Milton L. Williams
            Deanna Paul
            Alexander Kahn
            *Attorneys for Defendant Tal Alexander*

cc:    All counsel via ECF

2

Application GRANTED in part and DENIED in part without prejudice to renewal. Notwithstanding any provisions of the Protective Order in this case, the Court required the parties to comply with Rule 3 of the Undersigned's Individual Practices in Criminal Cases when filing any submission in redacted form or under seal. *See* Dkt. 57 at 7. That Rule, in turn, requires any party wishing to file a submission in redacted form or under seal to explain why redactions or sealing are appropriate in light of the presumption of public access to the federal courts. *See United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)).

Although the Protective Order governs the parties' obligations to treat certain documents as confidential, it does not control the Court's determination of whether a document may be filed under seal. Because Defendant's request to file the memorandum of law and declaration in support of the suppression motion in redacted form, and Exhibits 30–32 and 35 thereto under seal, is premised solely on the requirements of the Protective Order, Defendant's request is DENIED without prejudice to renewal. By **Friday, June 20 2025**, Defendant must renew his request, explaining whether the documents at issue are judicial documents, indicating the weight, if any, of the presumption of access that attaches, and justifying why that presumption is overcome when balanced against any competing considerations. *See Lugosch*, 435 F.3d at 119–20. The Court's preliminary view is that, given the centrality of the warrant applications to Defendant's motion, redactions to Exhibits 30–32 and 35 may be more appropriate to ensure the privacy of victims and witnesses and protect the confidentiality of ongoing investigations; the Court emphasizes that this view is only preliminary.

The Court agrees with Defendant that Exhibits 2–12 and 16–18 should be filed under seal to protect the privacy interest of uncharged third parties, and that interest outweighs the public's right of access to those documents. Defendant's motion is therefore GRANTED as to Exhibits 2–12 and 16–18.

Exhibits 13–15, however, are photographs of the Defendants. Defendant's motion is therefore DENIED as to Exhibits 13–15. By **Friday, June 20, 2025**, Defendant must show cause why those documents should not be unsealed.

The Court observes that Exhibits 20 and 21, which Defendant's application does not address, as well as the sealed versions of Exhibits 23, 29–32, and 35, all contain redactions. As required above, by **Friday, June 20, 2025**, Defendant must more fulsomely explain why sealing is appropriate and clarify why those Exhibits contain redactions. Defendant's motion is therefore DENIED without prejudice to renewal as to Exhibits 23 and 29.

As to Exhibit 33, protecting Defendant's contact information can be accomplished through redactions. Defendant's motion is therefore DENIED as to Exhibit 33. By **Friday, June 20, 2025**, Defendant must file a redacted version of Exhibit 33 via ECF.

As to Exhibit 34, the Court agrees that it should be filed under seal to protect the privacy interest of an alleged victim. Defendant's motion is therefore GRANTED as to Exhibit 34.

SO ORDERED.

*[signature]*   6/13/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE