WALDEN MACHT HARAN & WILLIAMS LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/2025

250 Vesey Street
27th Floor
New York, NY 10281

wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

June 20, 2025

**VIA ECF**



Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:     *United States v. Tal Alexander*, Docket No. 24-CR-00676 (VEC)

Dear Judge Caproni:

      On behalf of Defendant Tal Alexander, we write in response to the Court's June 13, 2025 Order (ECF 92), granting in part and denying in part Mr. Alexander's request, with the Government's consent, to file certain documents with redactions and/or under seal as part of his motion to suppress (*see* ECF 80-83) (the "Order"). In the Order, the Court directed Mr. Alexander to submit a renewed application to (i) provide further explanation why redactions and/or sealing is appropriate for the Memorandum of Law, Declaration of Milton Williams, and Exhibits 20-21, 23, 29-32, and 35, and (ii) show cause why Exhibits 13-15 should not be unsealed. As explained below, we withdraw our request for sealing of Exhibits 13-15, modify our request for Exhibits 30-32 and the Memorandum of Law, and renew our request for the remainder of the documents.

      **A. Memorandum of Law, Declaration, and Exhibits 30-32 and 35**

      Mr. Alexander initially requested to file the Memorandum of Law and Declaration with redactions, and search warrant applications (Exs. 30-32) and 3500 material (Ex. 35) under seal. As we originally conveyed, these documents are designated as either "Attorney's Possession Only" or "Attorney's Eyes Only" under the Protective Order in this matter (ECF 57), which prevents the defense from publicly disclosing them. To supplement this initial request, we also note that each of these documents contain information that may identify alleged victims and government witnesses, infringes on their privacy interests, and describes conduct of certain alleged minor-victims. With respect to the search warrant applications, after considering the Court's preliminary view that redactions would be more appropriate, instead of filing the documents fully under seal, we modify our request to file these exhibits with redactions tailored to addressing the above-described privacy concerns as well as to redact the defendants' personal identifying information. The Government consents to the proposed redactions.

      We also renew our request to file the Memorandum of Law and Declaration with redactions and Exhibit 35 under seal.[1] After reviewing our initial filing, the Government has requested

---

[1] The Court noted that Exhibits 30-32 and 35, as originally filed under seal, contain redactions. Mr. Alexander received each of these documents from the Government in discovery with these redactions, applied no further redactions, and has no unredacted copies.

additional redactions in the Memorandum of Law, to which we consent. We further request that if this request is granted, the Court seal the Memorandum of Law currently filed on ECF. *See* ECF 82.

To determine whether public access is warranted, courts undertake a three-step process. First, the court must determine whether "the documents at issue are indeed judicial documents." *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A filing is a judicial document, and therefore subject to a common law presumption of access, "if the item filed is relevant to the performance of the judicial function and useful in the judicial process." *Id.* The second step is to "determine the weight of that presumption, by looking to the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotations omitted). For this step, at one end of the "continuum" are matters directly affecting an adjudication, and on the other are "matters that come within a court's purview solely to ensure their irrelevance." *Id.* (cleaned up). The third step is to "balance competing considerations against the presumption of public access." *Id.* Competing considerations "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

Here, the documents at issue are judicial documents, as they are relevant to the performance of the judicial function. The presumption of access therefore attaches. Second, as in *Akhavan*, the weight of the presumption appears to be moderate, as the documents do not bear on the adjudication of a "dispositive motion" on one end of the "continuum," nor were the documents presented to be examined for relevance or admissibility, on the other. *See id.* at 185 (moderate presumption for "legal brief on an evidentiary issue"). The final step, however, weighs against public disclosure. These materials are (i) protected under the Protective Order, (ii) implicate privacy interests of alleged victims and witnesses, and (iii) contain information related to juvenile conduct. *See J.L. on behalf of J.P. v. New York City Dep't of Educ.*, No. 17-CV-7150 (PAC) (KHP), 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (ordering sealing of records relating to minor-plaintiffs to protect privacy interests). Each of these factors justify sealing.

Accordingly, we respectfully request to file the Memorandum of Law, Declaration, and Exhibits 30-32 with redactions, and Exhibit 35 under seal. We enclose and file these redacted documents in conjunction with this submission.

**B. Exhibits 20, 21, 23, and 29**

Mr. Alexander also renews his request to file Exhibits 23 and 29 under seal. As previously stated, these exhibits may identify government witnesses and infringe on their privacy interests, and, with respect to Exhibit 29, contain information relating to juvenile conduct. We have conferred with the Government about these documents, and they have expressed that they contain first- or second-hand statements of victims, which have significant privacy implications that justify continued sealing.

The Court further ordered that Mr. Alexander provide an explanation as to why Exhibits 20, 21, 23 and 29, including the sealed versions, contain redactions. ECF 92. As for Exhibits 20 and 23, these documents were obtained through Florida public records requests pursuant to Chapter 119, Fla. Sta. We received these documents in redacted form, applied no further redactions, and filed the only copies that we have in our possession. The defense also obtained a copy of Exhibit 29, a North Miami Beach Police report relating to Minor Victim-1 in the search

warrant applications, in redacted form and applied no further redactions before filing. The defendants' names are not redacted.

Exhibit 21 contains the personal cell phone number of an attorney who represents alleged victims related to this matter. We redacted this personal phone number as it constitutes personal identifying information. We respectfully request to file this document with this redaction.

### A. Exhibits 13-15 and 33

Finally, as noted above, Mr. Alexander withdraws his request to file Exhibits 13-15 under seal. Exhibits 13-15 are enclosed and filed in conjunction with this letter. Also enclosed is Exhibit 33 with redactions for the defendant's personal identifying information in compliance with the Order.

For those exhibits we request to file with redactions, we will also submit highlighted proposed redactions for in camera review, as required by Your Honor's Individual Criminal Rule 3(A)(1).

Respectfully submitted,

*/s/ Milton L. Williams*
Milton L. Williams
Deanna Paul
Alexander Kahn
*Attorneys for Defendant Tal Alexander*

cc:   All counsel via ECF

---

Application GRANTED. The materials to be filed in redacted form or under seal are "judicial documents" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). The weight of that presumption is moderate, as the Court will consider those documents in connection with ruling on Defendant's motion to suppress, but the documents do not bear on the "adjudication of a dispositive motion." *Id.* at 185. The interests in protecting the privacy of alleged victims and witnesses and maintaining the confidentiality of ongoing investigations, as well as the sensitive nature of certain juvenile conduct, outweigh that presumption.

The Clerk of Court is respectfully directed to seal the memorandum of law at Dkt. 82 and restrict viewing to the parties and Court users. Exhibits 23, 29, and 35 will remain under seal. The redactions proposed by Defendant are appropriate, and the documents submitted at Dkts. 113-1 to 113-8 are the operative public versions.

SO ORDERED.

6/23/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3