# AGNIFILO
# INTRATER

---

October 27, 2025

<u>**VIA ECF**</u>
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

> **Re:**    ***United States v. Alon Alexander, Oren Alexander & Tal Alexander***,
> **24 Cr. 676 (VEC)**

Dear Judge Caproni:

We respectfully submit this letter regarding the current scheduling order to request an extension on 412 notice and to state the defense's position on a written jury questionnaire prior to jury selection.

## <u>412 Notice Deadline</u>

First, the defense requests, with the consent of the government a 10-day extension for Rule 412 disclosures, which are currently due Friday, October 31, 2025 (ECF 163), to November 10, 2025. The reason for this request is to enable defense counsel to review several recent discovery productions, which total several terabytes of information, and to allow counsel enough time to prepare motions *in limine*, which are due November 3, 2025.

## <u>Jury Questionnaire</u>

Next, we write regarding the defense's position on the use of a written jury questionnaire. The defense is seeking permission to use a written jury questionnaire, which we submit would be helpful in picking a jury and trying this case. "District courts routinely employ questionnaires to facilitate *voir dire* in a number of circumstances," and the "use of such a procedure as a preliminary screening tool falls well within the district court's broad discretion." *United States v. Quinones*, 511 F.3d 289, 299-300 (2d Cir. 2007). A questionnaire is especially appropriate where, as here, "there has been extensive pretrial publicity." *Id*. at 299; *see also United States v. Sattar*, 395 F. Supp. 2d 66, 70 (S.D.N.Y. 2005) (using a juror questionnaire "[d]ue to the extensive publicity surrounding this case"); *United States v. Stewart*, 317 F. Supp. 2d 432, 435 (S.D.N.Y. 2004) (using a juror questionnaire "[b]ecause the extraordinary publicity surrounding the case presaged difficulty in finding an unopinionated jury pool"), *aff'd,* 433 F.3d 273 (2d Cir. 2006).

The Honorable Valerie E. Caproni
October 27, 2025
Page 2 of 3

The pretrial publicity in this case has been rampant for over a year now. It has been incredibly one-sided in favor of the government's view of the evidence (and often worse, in light of the many false and unfounded claims being filed by civil plaintiffs) and against all three Alexander Brothers. Potential juror bias must be rigorously ferreted out in the jury selection process so the parties can proceed with an impartial jury and receive a fair trial. Indeed, the Second Circuit has not hesitated to reverse District Courts when juror bias in not adequately addressed during the jury selection process. *See United States v. Nieves*, 58 F.4th 623 (2d Cir. 2023).

The use of a jury questionnaire will enable a more efficient jury selection process and it is a widely used practice in other high-profile cases of this nature. *See United States v. Raniere*, 18-cr-204 (NGG) (E.D.N.Y.); *United States v. Maxwell*, 22-cr-1426 (AJN) (S.D.N.Y.); *United States v. Combs*, 24-cr542 (AS) (S.D.N.Y.). Use of a jury questionnaire will help make jury selection quicker and smoother. Finally, issues of potential juror bias are of paramount concern in this case due to the sensitive topics at issue in this case, such as group sex and nudity. For example, the defense may seek to identify (and strike) prospective jurors who believe that men who engage in group sex are acting immorally (even if legally) and prospective jurors who believe that women would not consensually participate in group sex with multiple men, or with multiple men and women.

The government objects to the use of a jury questionnaire and intends to file a response. Thank you for your consideration.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Teny Geragos
Agnifilo Intrater LLP
140 Broadway, Ste. 2450
New York, NY 10005
Tel: (646) 205-4350
marc@agilawgroup.com
zach@agilawgroup.com
teny@agilawgroup.com

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Black Srebnick, P.A.

The Honorable Valerie E. Caproni
October 27, 2025
Page 3 of 3

201 South Biscayne Blvd.
Suite 1300, Miami, Fl 33131
Tel: (305) 371-6421
hsrebnick@royblack.com
jperczek@royblack.com

Jason Goldman
The Law Offices of Jason Goldman
275 Madison Avenue, 35th Floor
New York, NY 10016
Tel: 212-466-6617
jg@jasongoldmanlaw.com

*Attorneys for Alon Alexander*

Milton L. Williams
Alex V. Kahn
Deanna M. Paul
Walden Macht Haran & Williams LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2381
mwilliams@wmhwlaw.com
akahn@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Tal Alexander*

cc:    All counsel (via ECF)