```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
-------------------------------------------------X  ELECTRONICALLY FILED
                                                 :  DOC #:_____
UNITED STATES OF AMERICA,                        :  DATE FILED: 11/10/2025
                                                 :
            -against-                            :  24-CR-676 (VEC)
                                                 :
ALON ALEXANDER, OREN ALEXANDER, and              :  ORDER
TAL ALEXANDER,                                   :
                                                 :
                            Defendants.          :
                                                 :
-------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on Friday, November 7, 2025, Defendants filed a supplemental letter in support of their motion to suppress in-court identifications ("Supplemental Letter"), see Dkt. 179, and seven accompanying exhibits, see Dkts. 179-1, 179-2, 179-3, 179-4, 179-5, 179-6, and 179-7;

WHEREAS the Supplemental Letter includes redactions;

WHEREAS the exhibits to the Supplemental Letter were submitted under seal for *in camera* review;

WHEREAS on Friday, November 7, 2025, Defendants submitted a letter motion requesting that the Supplemental Letter be filed with redactions as proposed, and that the exhibits remain under seal, see Dkt. 180; and

WHEREAS on November 7, 2025, the Court received the attached communication from Matthew Russell Lee of Inner City Press opposing Defendants' request to file the Supplemental Letter with redactions and the exhibits under seal;

IT IS HEREBY ORDERED that Defendants' request to file the Supplemental Letter with redactions, and the exhibits under seal, see Dkt. 180, is DENIED. As proposed, Defendants' redactions to the Supplemental Letter and exhibits are overbroad. The parties are directed to

meet and confer regarding redactions to the Supplemental Letter and exhibits and submit amended redactions consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and the instructions provided by the Court at the November 6, 2025, status conference regarding the purpose and utility of redactions.

The materials to be filed in redacted form and under seal are "judicial documents" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch*, 435 F.3d at 119–20). While certain limited redactions may be warranted to protect the identity of alleged victims and government witnesses, only those aspects of a filing that may identify a *specific* individual justify sealing. In other words, the onus is on the parties to propose redactions that adequately shroud the *specific* identity of an individual, without infringing on the public's right to review — and understand — the arguments being made in these presumptively public filings. Defendants are ordered to submit amended redactions to the Court consistent with this Order by **Friday, November 14, 2025**.

**SO ORDERED.**

Date:  November 10, 2025
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

# Inner City Press

November 7, 2025

By E-mail to Chambers

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Press application to be heard / to unseal motion to suppress supplement in US v. Alexander, et al., 24-cr-676 (VEC)

Dear Judge Caproni:

   Inner City Press has been covering the above captioned criminal case since its indictment in 2024 and has been troubled by the overbroad extent of sealing and redaction.

   An hour ago defense counsel filed a heavily redacted supplemental letter in support of a motion to suppress. All seven exhibits are sealed, and there is redaction of substantially all of the rationale for seeking to suppress identifications of Victim-9, Victim-23 as well as Victims 4 and 5 (and much less of Victim-1).

   As Your Honor said at yesterday's conference, the public and press have a right to know the basis for the Court's decision - which is impossible when the entirety of the argument made is redacted.

   Inner City Press hereby opposes the redactions and sealing in full and asks that they be reversed, and/or that it have an opportunity to be heard on the scope of secrecy.

"Representatives of the press must be given an opportunity to be heard on the question of their exclusion from a court proceeding, and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." Trump v. Deutsche Bank AG, 940 F.2d 146, 150 (2d Cir. 2019). SDNY Judge Rakoff has previously granted an e-mailed Inner City Press request to unseal, in *US v. Weigand*, 20-cr-188 (JSR), see Dkt. No. 250.

   "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

   Please docket this challenge to the over-redaction and sealing, as SDNY Judges Stein, Hellerstein, Castel, Furman, Kaplan and others have done. See, e.g., https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf, Judge Kaplan's Jan 30, 2023 decision to unseal the bond co-signers of Sam Bankman-Fried, which Inner City Press moved for in January 2023 - and Your Honor's practice in US v. Colon, 18-cr-526-7 (VEC), Dkt. 412 and 414.

   Since then, on the requirement for greater specificity in the public reasons for redactions and sealing, see Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, at *2 (2d Cir. July 28, 2025) - redactions or sealing "only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'

 If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Valerie E. Caproni, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to be heard on unsealing or unredaction of these submissions in US v. Alexander, et al., 24-cr-676 (VEC).

    Please act on, and docket, this request, as soon as possible. Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc:  Mwilliams@wmhwlaw.com, marc@agilawgroup.com, HSrebnick@royblack.com, Andrew.Jones2@usdoj.gov, elizabeth.espinosa@usdoj.gov