```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                           :
:
                -against-                 :      24-CR-676 (VEC)
:
ALON ALEXANDER, OREN ALEXANDER, and       :      ORDER
TAL ALEXANDER,                                      :
:
                         Defendants.    :
:
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on December 5, 2025, the Court heard oral argument on the parties' motions *in limine*, *see* Dkts. 174, 188, 201, 202, 204, 224, 226, and other pretrial matters;

      IT IS HEREBY ORDERED that, for the reasons stated at the hearing:

- The Government's motion to exclude evidence concerning victims' counsel or privileged topics is GRANTED in part and DENIED in part. On cross examination, Defendants are permitted to ask only (i) whether the witness is represented by counsel, (ii) whether the witness has initiated a civil suit against Defendants, and (iii) whether anyone, including the witness's attorney, has informed the witness what other witnesses have told the Government. The Court RESERVES judgment on whether Defendants may seek to elicit the name of a witness's attorney.

- The Court RESERVES judgment on the Government's motion to preclude cross-examination of witnesses with respect to issues irrelevant to credibility. The Court has provided preliminary views of its ruling. If, based on testimony at trial, the defense wishes to explore topics that the Court has indicated are subject to exclusion, either because they are irrelevant or pursuant to Fed. R. Evid. 403,

counsel must raise the issue with the Court prior to asking the question before the jury.

- Defendants' motion to preclude the Court from reading the indictment to the jury[1] is DENIED as moot.
- Defendants' motion to exclude proposed testimony from a certain witness and photographs related thereto[2] is DENIED.
- Defendants' motion to exclude portions of Victim 4's proposed testimony is DENIED.
- Defendants' motion to exclude testimony surrounding victims' medical and mental health treatment and diagnoses is DENIED as moot. Defendants' request to subpoena the medical records for Victim 20 with respect to her diagnosis of chlamydia is GRANTED.
- Defendants' motion to alter the schedule to which they agreed for disclosing evidence pursuant to Fed. R. Crim. P. 16 is DENIED. Rule 16 disclosures of all exhibits that Defendants intend to use at trial in their case-in-chief, including exhibits that will be introduced during cross-examination of Government witnesses, but excluding exhibits that will be used solely for impeachment purposes, must be made by **December 22, 2025**.[3] Consistent with Defendants' proposal, evidence to be used solely for impeachment on cross examination must be disclosed to the Government by 6:00 P.M. the day prior to the cross

---

[1] Defendants raised this argument in their opposition motion, *see* Dkt. 201, at 104–05.

[2] *See* Def. Mot., Dkt. 174, at 23–30.

[3] Pending the adjournment of the deadline for the parties to disclose their witness list(s) and exhibits, *see infra*.

examination. The Government may not use the disclosure for purposes of preparing the witness to testify.

- The Court RESERVES judgment on the Government's request to permit certain witnesses to testify under pseudonyms. By **Sunday, December 7, 2025, at 6:00 P.M.**, the Government is directed to submit a sealed letter to the Court that includes the witnesses' name and specifies each witnesses' legitimate need to testify under a pseudonym. The Defendants may respond to the Government's submission via sealed letter to the Court by **Monday, December 8, 2025, at 6:00 P.M.**

IT IS FURTHER ORDERED that, for the reasons discussed at the hearing, the Court RESERVES judgment on the Defendants' motion to sever Count 11, *see* Dkt. 206.

IT IS FURTHER ORDERED that the start of trial is ADJOURNED from Monday, January 5, 2026, to **Tuesday, January 20, 2026, at 10:00 A.M. Opening statements will begin on Monday, January 26, 2026, at 9:30 A.M.**

IT IS FURTHER ORDERED that not later than **Wednesday, December 10, 2025**, the parties confer and provide the Court with a **mutually agreed upon** set of revised deadlines in light of the amended trial schedule.

IT IS FURTHER ORDERED that the parties appear for a hearing on **Thursday, December 11, 2025, at 10:30 A.M.**, to discuss any remaining motions *in limine*. The hearing will be held in Courtroom **20C** of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York, 10007.

Date: December 8, 2025
      New York, NY

                                            VALERIE CAPRONI
                                            United States District Judge