```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #:_____
-------------------------------------------------------------- X   DATE FILED: 1/7/2026
                                              :
   UNITED STATES OF AMERICA                   :
                                              :
                      -against-               :     24-CR-676 (VEC)
                                              :
   ALON ALEXANDER, OREN ALEXANDER, and        :     ORDER
   TAL ALEXANDER,                             :
                                              :
                      Defendants.             :
                                              :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

On December 30, 2025, Defendants submitted to the Court a letter motion stating that the Government's proposed faceplates (photographs to be used by the jury as a visual aid to help identify witnesses) of Victim 6 and Victim 14 include the women wearing jewelry that "prominently" displays a Christian cross and asking the Court to require the Government use photographs that do not include such religious imagery. *See* Dkt. 280 at 3–4. The Government responded on January 6, 2026, via letter submitted under seal, arguing that "[m]any people make the personal choice to wear jewelry bearing religious symbols, including crosses, and there is nothing inappropriate or even unusual about doing so." The Government asserted that it "sees no reason" for the Court to order an alternate faceplate for Victim 6 and Victim 14.

Also in their December 30, 2025 letter, Defendants requested that the Court order that the Government choose a pseudonym for Victim 13 that is not phonetically similar to another witnesses' name. *See* Dkt. 280 at 2–3. Defendants argue that, if the Government does not use a pseudonym different than the one requested by Victim 13, "it [will] invit[e] confusion where there does not need to be any." *Id.* at 3.

Defendants' request for an order requiring the Government to use different faceplates for Victim 6 and Victim 14 is GRANTED. At the outset, the Court notes that Defendants' concern

(that "the [G]overnment is injecting religious overtones into the case to try and elicit an emotional response from the jury," *see id.* at 4), is vastly overblown. The utility to the jury of any given faceplate is quite low, and certainly it has less utility than the live, sworn testimony that Victim 6 and Victim 14 are expected to provide during this trial. That said, and while Defendants' concerns are overblown, the Court sees no reason for the Government to use a faceplate for Victim 6 and Victim 14 that includes such an obvious display of religious imagery (even though, as the Government notes, many people wear similar jewelry). For that reason alone, the Government must use a different photograph for Victim 6 and Victim 14 or otherwise crop each victims' respective faceplate to exclude the religious symbols. For the avoidance of doubt, the Court does not see any relevance to Exhibit 2, Dkt. 280-2 (under seal) or Exhibit 3, Dkt. 280-3 (under seal) to Defendants' letter motion, Dkt. 280; accordingly, they will not be admitted as evidence in this case.

Defendants' request that the Court order the Government to use a different pseudonym for Victim 13 than the one the witness requested is, however, DENIED. The Court is confident that the jury will be able to keep similar sounding names – pseudonyms or otherwise – separate, just as it would be able to keep separate witnesses who actually share the same given names.

As a final note, the Court expects that, instead of involving the Court, the parties will work together, amicably and professionally, to address disputes such as these and reach mutually agreeable resolutions; pervasive letter motions that ask the Court to settle the parties' minor disagreements is unnecessary and is a waste of time for the parties and the Court.

SO ORDERED.

Date: January 7, 2026
New York, NY

_____
VALERIE CAPRONI
United States District Judge