

17 State Street
39th Floor
New York, NY 10004

Office 212·232·2500
Fax 212·232·2509

TorganCooperAaron.com

ATTORNEYS AT LAW
EVAN TORGAN
EDWARD T. COOPER
MITCHELL K. AARON

JONATHAN TABAR
BRENDAN BROWN

MITCHELL R. DRACH
Of Counsel

January 9, 2026

**VIA ECF – REDACTED**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *United States v. Alexander et al.*, Docket No. 24-CR-00676 (VEC)
                Motion to Quash Rule 17(c) Subpoenas on behalf of Victim 2

Your Honor:

      We represent Victim 2, among other victims in the above-captioned matter. On December 4, 2025, defense counsel served subpoenas pursuant to Federal Rule of Criminal Procedure ("Rule") 17(c) by email on T-Mobile USA, Inc. ("T-Mobile"), Meta Platforms, Inc. ("Meta"), and Victim 2, seeking Instagram-related materials and telecommunications records, and on December 19, 2025, served a separate Rule 17(c) subpoena on Victim 2 seeking communications with third parties. Following discussions with defense counsel on December 18 and December 26, 2025, during which we advised of our intention to move to quash, and a subsequent meet-and-confer on January 8, 2026, defense counsel informed us that they have abandoned their intention to pursue records from T-Mobile and Meta.

      Accordingly, to ensure that the issues are resolved in a single filing, we respectfully submit this letter motion to quash the two subpoenas served on Victim 2 respectively dated December 3, 2025 (*See* Exhibit A), and December 19, 2025 (*See* Exhibit B).

      Both of the subpoenas fail under *United States v. Nixon*, 418 U.S. 683 (1974), as the subpoenas are not narrowly tailored, do not seek specifically identified admissible evidence, and instead function as impermissible discovery and impeachment tools directed at a crime victim. Compliance would therefore be unreasonable and oppressive within the meaning of Rule 17(c)(2). Accordingly, Victim 2 respectfully requests that the remaining subpoenas be quashed.

| TORGAN, COOPER + AARON, P.C. |

## I. THE SUBPOENAS SHOULD BE QUASHED UNDER RULE 17(C).

### A. The Governing Legal Principles.

Discovery in criminal cases is governed by Federal Rule of Criminal Procedure 16, and Rule 17(c) may not be used as a substitute for, or supplement to, criminal discovery. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219–20 (1951). Courts have uniformly held that Rule 17(c) is not a discovery device and may not be used to supplement or circumvent the limited discovery authorized by Rule 16. *See, e.g., Bowman*, 341 U.S. at 220; *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991); *United States v. Cuthbertson*, 630 F.2d 139, 144, 146 (3d Cir. 1980), cert. denied, 449 U.S. 1126 (1981); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir.), cert. denied, 369 U.S. 828 (1962); *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985).

As the Supreme Court has explained, "it was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman*, 341 U.S. at 220. Accordingly, courts must be vigilant to ensure that Rule 17(c) is not "turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Rule 16." *Cherry*, 876 F. Supp. at 552 (quoting *Cuthbertson*, 630 F.2d at 146).

Consistent with these principles, a party seeking production of documents under Rule 17(c) must demonstrate that the materials sought are (1) relevant, (2) admissible, and (3) specifically identified. *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Brown*, 95 Cr. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) (the defendant issuing a subpoena "has the burden of specifically identifying the materials sought and showing that they are relevant and admissible"). In *Nixon*, the Supreme Court made clear that Rule 17(c) subpoenas may not be used to conduct a "general fishing expedition." 418 U.S. at 700 (internal quotation marks omitted). Rather, Rule 17(c) permits subpoenas only for materials that have actual evidentiary value, not speculative utility. *Bowman*, 341 U.S. at 221; see also *United States v. Barnes*, 560 F. App'x 36, 39 (2d Cir. 2014) ("Rule 17 subpoenas are properly used to obtain admissible evidence, not as a substitute for discovery.").

This Court has applied the *Nixon* standard strictly and has not hesitated to quash Rule 17(c) subpoenas that function as overbroad fishing expeditions rather than targeted requests for specific admissible evidence. *See United States v. Percoco*, No. 16 Cr. 776 (VEC), 2018 WL 9539131, at *1–3 (S.D.N.Y. June 14, 2018) (quashing subpoena seeking "all" communications and records of a cooperating witness as impermissibly broad and speculative, and reaffirming that Rule 17(c) "is not intended to be a tool for discovery" and that the *Nixon* standard applies equally to pretrial and trial subpoenas).

| TORGAN, COOPER + AARON, P.C. |

Courts have further and repeatedly held that Rule 17(c) subpoenas may not be used to obtain impeachment material prior to trial. *See Nixon*, 418 U.S. at 701 ("Generally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); *United States v. Nektalov*, 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004); *United States v. Jasper*, 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003).

### B. Victim 2 Subpoena Seeking Information Related to Her Instagram Account.

The subpoena directed at Victim 2 seeking production of her Instagram materials fails under *United States v. Nixon* because it is not a targeted request for identifiable evidence, but a sweeping demand for categories of information untethered to any specific evidentiary theory. Rather than identifying particular posts, messages, or communications the defense contends are admissible, the subpoena requires production of "all content data," together with expansive categories of "associated metadata," including archives, edits, deletions, and account-level information. See **Exhibit A**. Requests framed in such open-ended terms resemble civil discovery and are inconsistent with Rule 17(c)'s requirement that subpoenas be narrowly drawn to obtain known evidentiary material.

The lack of tailoring is reinforced by the subpoena's temporal scope and the defense's inability to identify any specific materials sought. Although the alleged incident occurred over Labor Day weekend 2016, the subpoena reaches far beyond that period by demanding Instagram content and metadata not only from the days surrounding the incident, but also from December 11, 2024, through the date of the subpoena nearly a decade later. During the parties' meet-and-confer, defense counsel was asked to identify which archived or deleted posts they contend are relevant, and declined to provide any identifying information. The subpoena thus offers no explanation for how social-media activity occurring years after the alleged conduct — particularly information concerning edits, archived posts, or deletions — would bear on the charged offenses. Rule 17(c) does not permit subpoenas that sweep in years of post-incident activity where the proponent cannot even identify the evidence it seeks, much less demonstrate its relevance or admissibility.

Much of what the subpoena seeks also appears directed at examining Victim 2's online behavior rather than at obtaining evidence of the alleged offense itself. Demands for metadata reflecting edits, archived material, and deleted content invite scrutiny of how Victim 2 has managed her account over time and serve, at most, an impeachment or credibility-testing function. Rule 17(c) may not be used to search for impeachment material.

The subpoena further fails *Nixon*'s admissibility requirement. While discrete Instagram posts or messages might, in appropriate circumstances, be offered as evidence, the subpoena goes well beyond such material and seeks technical metadata, deletion histories, and account-level information whose relevance and admissibility are speculative. Rule 17(c) requires a showing that the materials sought are likely admissible at trial, not merely that they might prove useful after review. That showing has not been made here. *Nixon*, 418 U.S. at 700; *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1–2 (S.D.N.Y. Dec. 26, 2002).

| TORGAN, COOPER + AARON, P.C. |

Finally, compliance with the subpoena would be unreasonable and oppressive within the meaning of Rule 17(c)(2). The subpoena requires a crime victim to locate, collect, and produce years of social-media content and metadata — much of which is not readily accessible to ordinary users and may require reconstruction, interpretation, or guesswork regarding edits and deletions. Courts have recognized that subpoenas imposing such burdens on victims, particularly where the requests are broad and speculative, are unreasonable and should be quashed. Because the subpoena is directed to Victim 2 herself and seeks highly personal information, the burden and intrusion are especially acute. In these circumstances, the subpoena is not readily cured by narrowing and should be quashed in its entirety.

### C. Victim 2 Subpoena Seeking Communications with Third-Parties.

The subpoena served on December 19, 2025, seeking production of Victim 2's communications with third parties also fails under *United States v. Nixon* and should be quashed. Rather than identifying specific, known evidentiary items, the subpoena demands broad categories of private communications based on subject matter and relationships, leaving it to the victim to determine what "concerns" a particular person, trip, or topic. Rule 17(c) does not permit such discovery-style requests. A subpoena must be directed at identifiable evidence, not framed to allow the defense to search through a witness's communications in the hope that something useful might emerge.

The subpoena's lack of specificity is apparent from its face. Although the alleged incident occurred over Labor Day weekend 2016, the subpoena seeks "all communications" between Victim 2 and multiple individuals — including travel companions and an outcry witness—relating to the Hamptons, the defendants, or cooperation with the Government. The subpoena does little to identify a single message, date, or statement the defense contends is admissible evidence, nor does it explain how sweeping categories of communications among friends and confidantes would be offered at trial. Requests framed in this manner fall squarely outside the limited purpose of Rule 17(c).

The subpoena is particularly improper because it seeks material that is, at most, impeachment or narrative-development evidence. Communications between Victim 2 and individuals who were present on the trip, or with an outcry witness after the fact, do not constitute evidence of the charged conduct itself. Rather, they reflect post-incident discussions, reactions, and disclosures. The Supreme Court has made clear that Rule 17(c) subpoenas may not be used to obtain impeachment material or to test a witness's credibility in advance of trial. The structure and scope of the December 19 Subpoena reveal precisely that impermissible purpose.

With respect to ▮▮▮▮▮, the subpoena is also unjustified because the defense already possesses the substance of the communication it claims is relevant. Victim 2 has already provided the Government with the ▮▮ exchange that relates to the alleged conduct, and the subpoena does not identify any additional message or statement beyond that disclosed content. Rule 17(c) does not entitle a defendant to compel wholesale production of an entire conversation thread simply to search for additional context or to confirm whether more communications exist. Where the defense

| TORGAN, COOPER + AARON, P.C. |

already has the identified evidence, further compelled production operates as discovery, not as a legitimate evidentiary subpoena.

Finally, compliance with the December 19 Subpoena would be unreasonable and oppressive within the meaning of Rule 17(c)(2). The subpoena requires a crime victim to search years-old communications across multiple platforms and to make subjective determinations about relevance and scope, all while disclosing deeply personal communications with friends and confidantes. Rule 17(c) does not permit shifting that burden to a victim, particularly where the requests are broad, speculative, and untethered to specific evidentiary needs.

### D. Conclusion

In sum, the aforementioned defects in the attached subpoenas are not cured by narrowing. The core problem is not the volume of material requested, but the nature and purpose of the requests themselves which evince an impermissible use of Rule 17(c). For the reasons set forth above, we respectfully request that the subpoenas be quashed in their entirety.

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: _____
Evan Torgan
Jonathan Tabar

cc: All counsel (via email)