# EXHIBIT B

# AGNIFILO INTRATER

January 3, 2026

**VIA EMAIL**
Kaiya Arroyo
Elizabeth Espinosa
Andrew Jones
Madison Smyser
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

  Re: *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
     24 Cr. 646 (VEC)

Dear Counsel:

  We are in receipt of your letter of December 30, 2025 which purports to be a demand for notice of alibi pursuant to Federal Rule of Criminal Procedure 12.1. Your letter is, most respectfully, deficient in four respects.

  First, your letter fails to set forth the date, the time and the place in regard to twenty-two of the twenty-four events you appear be to referencing. Vague references to a month (i.e. December 2009), three-day weekends, two-day weekends and the other nonspecific dates and times in your letter are insufficient to trigger any obligation on a defendant's part to provide an alibi. As to the two events for which you provide the requisite specificity, neither event relates to a charged offense, as addressed below.

  Second, to the extent you seek alibi notice for events for which no defendant has been charged with a substantive offense, there is no obligation on behalf of a criminal defendant to notice the prosecution as where a defendant may have been in relation to events admitted under Rule 413, Rule 404b or conspiracy evidence. Alibi notice relates to charged offenses alone, as the Rule explicitly provides.

  Third, to the extent your December 30, 2025 letter states that the offenses at issue took place on the dates, times and locations indicated, this assertion is inconsistent with your proffered theory of sex trafficking and sex trafficking conspiracy that these offenses did not occur at the place and time of any alleged rape or sexual assault. Indeed, you have taken the position that the crimes of sex trafficking and conspiracy to commit sex trafficking can have been fully committed even without an act of sexual assault. Please clarify the government's theory in this regard.

  Fouth, your letter fails to include *any* dates, times and locations for the two Inducement Counts pursuant to 18 U.S.C. §2422.

January 3, 2026
Page 2 of 4

These three issues will be addressed in order.

1. <u>With the Exception of Two Events, The December 30, 2025 Letter Is Too Vague To Trigger Alibi Notice</u>

Rule 12.1 is clear: the government must set forth "the time, date and place" of an alleged offense. If the government does that, assuming other elements are in place (to be discussed below), the defense has ten days to provide alibi notice in regard to the "time, date and place" of an alleged offense as noticed by the government. However, with the exception of two alleged events (neither of which are offenses), you have not set forth the time, date and place in regard to any of the twenty-four events in your letter.

Twenty-two of the twenty-four instances plainly lack any specificity in terms of "time, date and place" as required by the Rule. In one instance, you state that Victim 20 was a victim of sexual assault in or about December 2009. In another, you write that Victim 19 was a victim of an assault "in or about mid-March 2021." In several other instances, you state that a sexual assault occurred at some point during or approximately a three-day or a two-day period of time. As to other alleged assaults, you state they occurred "on or about" a certain morning or "on or about" a certain evening. These are plainly not specific allegations concerning "time, date and place." In *United States v. Bickman,* 491 F.Supp. 277 (E.D. Pa 1980), the court found that where the government provided a time period of 10.5 to 11.5 hours in duration for the occurrence of an offense, this was too vague to trigger a defendant's alibi obligation under the Rule, stating "the Court finds that the Rule is not available as a device to be used for the purposes of broad discovery or to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague." Id. at 279. Accordingly, in regard to all but two events – outlined below – you fail to state with sufficient specificity the time, date and place of any alleged offense.

There are only two events (neither of which are charged as offenses) that you set forth with arguably the required specificity. As to Victim 13, you state that a sexual assault took place at a specified address in Israel on a specific date and specific time. As to Victim 24, you state that there was a sexual assault at a specified address between 1:30 and 2:30 AM on December 16. 2015. While these may have been set forth with the required specificity, you are not entitled to an alibi in regard to either event because they are not charged as offenses. Rule 12.1 is confined to "alleged offenses," and neither event is an alleged offense.

2. <u>The Government Is Not Entitled To Alibi Notice For Anything Other Than Charged Offenses</u>

You also seek alibi notice for events not charged as a substantive offenses or not charged at all. Rule 12.1(a) states as follows: "Upon written demand of the attorney for the government stating the time, date, and place at which **the alleged offense** was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi." (emphasis added). That the Rule is limited to the alleged offense is consistent with the definition of alibi. The definition of alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it **impossible for him to be the guilty**

2

**party.**" Black's Law Dictionary, Fifth Edition, West Publishing 1979 (emphasis added). Both Rule 12.1 and the definition of alibi indicate that an alibi applies only as to a defendant's whereabouts in regard to a charged crime. It has no relevance to events admissible under Rule 404(b) or 413 or even events admissible only to show an ongoing conspiracy. The core of the definition of an alibi, as the Black's Law Dictionary makes clear, is that an alibi renders it impossible for a defendant to be the guilty party. For this reason, Rule 12.1 confines the notice to "the alleged offense," and does not extend to other events.

Because the only two events for which you provided legally sufficient notice are not alleged offenses, alibi notice as to those events does not apply. *See United States v. Gilbert*, 188 F.R.D. 176, 177 (D. Mass. 1999) ("Defining 'offense' beyond the criminal acts charged in the indictment, as the Government seeks, would allow the Government to discover information it is not entitled to and, arguably, border on a violation of Defendant's right to remain silent under the Fifth Amendment to the United States Constitution. Simply put, the Government's suggested interpretation of an 'offense' could cause much mischief. The plain language of Rule 12.1(a) makes clear Congress' intent that a request for alibi information be particular as to the time, date and place of an alleged criminal act and, therefore, that the term 'offense' does not include uncharged conduct"); *id.* at 178 ("'alibi' means 'that at the time of commission *of [the] crime charged in the indictment*, defendant was at a different place so remote or distant or under such different circumstances that he could not have committed the offense"); *United States v. Ducran*, 639 F. Supp. 2d 127, 128 (D. Mass. 2009) (same).

3. <u>The Government's December 30, 2025 Letter Is Inconsistent With Its Stated Theory of Sex Trafficking and Sex Trafficking Conspiracy</u>

The Government's December 30, 2025 letter is premised on criminal liability being dependent on the defendants being physically present at the dates, times and locations indicated in the letter. This is inconsistent with other representations of the government concerning its theory of criminal liability, specifically that even if the defendant is not present at the time of an alleged sexual assault, he can still be guilty of sex trafficking or conspiracy to commit sex trafficking. We seek clarification of the government's position on this issue.

However, even absent such clarification, the government's factual notice is insufficient as to any alleged offense in the indictment. Accordingly, the defense is not required to provide any notice of an intention to rely on an alibi defense.

4. <u>The Government's December 30, 2025 Letter Omits Information for the Inducement Counts</u>

Finally, your letter identifies no dates, times, or locations for Counts Four and Nine. Judge Caproni has made clear that for § 2422(a) charges involving inducement to travel, the Government must prove that *at the time of the alleged persuasion or attempted persuasion*—when the offense is complete—the defendant acted with the intent that unlawful sexual activity would occur. The dates the Government has identified for Victim 2 and Victim 6 post-date the alleged travel and therefore do not supply the temporal information necessary to trigger Rule 12.1.

January 3, 2026
Page 4 of 4

      Separate and apart from any alibi notice, the defense requests clarification of this information. Identification of the operative dates, times, and places of the alleged inducement of Victim 2 and Victim 6 is imperative to the preparation of the defense.

      Thank you for your attention to this matter.

                                                        Respectfully,

                                                        Marc Agnifilo
                                                        Zach Intrater
                                                        Teny Geragos

                                                        *Attorneys for Oren Alexander*

                                                        Howard Srebnick
                                                        Jackie Perczek

                                                        *Attorneys for Alon Alexander*

                                                        Milton L. Williams
                                                        Alexander V. Kahn
                                                        Deanna Paul

                                                        *Attorneys for Tal Alexander*