

250 Vesey Street
27th Floor
New York, NY 10281

wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

January 14, 2026

**Under Seal**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, New York 10007

    Re:   *United States v. Alexander et al.*, Docket No. 24-CR-00676 (VEC)

Dear Judge Caproni:

    We write in response to the Government's eleventh-hour motion *in limine* to admit unnoticed, highly inflammatory alleged prior bad acts concerning Minor Victims-27 and -28.

    *First*, this is nothing more than an end-run around the notice requirement of Rule 404(b)(3) and the Court's Order. The Court ordered the Government to give notice of its intent to admit Rule 404(b) evidence by October 17, 2025, nearly three months ago. ECF 163. The Government plainly failed to meet this deadline, which necessitates preclusion on that basis alone.

    *Second*, the Government's attempt to characterize the proffered testimony as "direct evidence of the conspiracy," despite the alleged incident having occurred six years before the start of the charged conspiracy and having no trafficking nexus, should be rejected. This is classic Rule 404(b) evidence. Evidence from years prior to the start of an alleged conspiracy is regularly excluded when offered as direct evidence. This is so for obvious reasons, including that the passage of time and the changes in circumstances mean that such evidence is not sufficiently intrinsic to or intertwined with the charged conspiracy to be considered direct evidence. Further, review of the 3500 material confirms that there is no probative sex trafficking activity alleged: there is no allegation of using drugs to incapacitate the alleged victims, no involuntary consumption of any substance, no meaningful allegation of "luring" to a place under the defendants' control, and no exchange of anything of value.

    *Third*, even if the Court accepts the testimony as direct evidence of the conspiracy, the testimony should nevertheless be excluded because the Government waived its ability to use this evidence when it *affirmatively* told the defense and this Court it had no intention to introduce it. On December 11, 2025, at the hearing at which the Government claims the defense "invited" this testimony by opposing introduction of the evidence relating to Count 11 of the S4 Indictment against Tal and Oren as evidence of the conspiracy, the Government responded: "**[T]here is evidence we are *not seeking to introduce* . . . from the time the defendants were in high school.**" ECF 276, Dec. 11, 2025 Tr. at 62:11-13 (emphasis added). They then added that "the earliest witnesses that would be expected to testify" are "Victim 20 as to the 2008 conduct and then into 2009 in Minor Victim Eight." *Id.*, 63:21-23. The defense had no reason to believe this evidence would be offered at trial and reasonably relied on the Government's representation that it would not be. One week before trial, and with no basis, the Government has now changed course. The Government knew of this evidence for over a year and a half and intentionally waited until one week before trial to seek its admission, despite informing the defense it would not do so. The Court should not reward this gamesmanship.

*Fourth*, should the Court determine that the above grounds are not disqualifying, Rule 403 bars the admission of this horrific testimony. The alleged incident, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is far more prejudicial and inflammatory than any of the allegations the jury will hear at trial. The age of the defendants at the time—▆▆▆▆▆▆▆▆▆▆[1] minors themselves—is also unduly prejudicial. On the other hand, the probative value is decidedly low given its remoteness—▆▆▆ before the charged conspiracy began. And there is absolutely nothing in the 3500 material or in the Government's letter that indicates there was any kind of "trafficking" aspect to the ▆▆ incident at all. There was no travel, or money, or anything else alleged to induce anyone to do anything. The Government has found an allegation of ▆▆▆▆▆▆▆▆▆▆ and is trying to bring it in at the last minute.

For these reasons, the Court should preclude the testimony of Minor Victims-27 and -28. Moreover, because the basis for preclusion under Rule 403 for this proffered testimony goes beyond a determination concerning cumulativeness, we respectfully request that the Court issue a pretrial ruling that the evidence is inadmissible, rather than reserving its Rule 403 decision as it has with other alleged victims. Otherwise, the defense will be forced to conduct a difficult and time-consuming investigation into ▆-year-old allegations in the middle of trial.

### A. The Rule 404(b) Evidence Should be Precluded Because Notice is Not Timely

The Court's September 8, 2025 Order could not have been clearer: the Government was required to provide notice to the defense of any Rule 404(b) evidence by October 17, 2025. ECF 163. The Government did not comply. Instead, months later and on the eve of trial, it now attempts to smuggle in Rule 404(b) evidence through a last-minute motion. The purported notice comes nowhere close to satisfying the Court's Order. For this reason alone, the Government should be precluded from introducing the testimony of Minor Victims-27 and -28.

Setting aside the deadline this Court imposed, the Government's notice also fails under the standard in Rule 404(b). Rule 404(b)(3)(A) provides that the Government must "provide reasonable notice of [other acts] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." The Government's one-week notice fails this standard as well, as it is not "reasonable" under common practice of courts in this Circuit, even for cases substantially less complex than this one. *See, e.g.*, *United States v. Silberstein*, No. 02 CR. 800 (SWK), 2003 WL 21488024, at *7 (S.D.N.Y. June 27, 2003) (more than ten working days before trial as "reasonable" within the meaning of Rule 404(b)); *United States v. Torres*, No. 05–CR–838 (NGG), 2006 WL 1982750, at *6 (E.D.N.Y. July 13, 2006) (explaining that "[i]t has been the practice of courts in this circuit to deem notice afforded more than ten working days before trial as 'reasonable' within the meaning of Rule 404(b)"). Even under the most stringent of interpretations of "reasonable notice" for cases less complex and narrower in scope—10 working days—the Government's notice fails, as it was made just four working days before trial.[2]

---

[1] It is unclear exactly when ▆▆▆▆▆▆▆▆▆▆▆▆ this alleged event purportedly occurred. The defendants were born in ▆▆▆▆ and so their ages could have ranged respectively from ▆▆▆▆▆.

[2] If using the date of opening statements as the start of trial (which we disagree with), rather than the date of jury selection, it is still just eight working days before trial.

Of course, courts may order longer notice periods, as the Court did here. *See, e.g.*, *United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (requiring 404(b) notice 60 days before trial); *United States v. Solnin*, No. 12–CR–040 (ADS), 2015 WL 332132, at *15 (E.D.N.Y. Jan. 23, 2015) (ordering the Government to provide any Rule 404(b) notice within 45 days of trial).

In addition, should the Court consider the Government's motion as timely Rule 404(b) notice, the substance of the notice is also deficient. In 2020, Rule 404 was "amended principally to impose additional notice requirements in a criminal case." Fed. R. Evid. 404, Advisory Committee Notes, 2020 Amendments; *United States v. McPartland*, 81 F.4th 101, 115 n.4 (2d Cir. 2023). Before the amendment, the Government was merely required to provide notice in a "general nature." Advisory Committee Notes, 2020 Amendments. Accordingly, "some courts . . . permit[ted] the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a nonpropensity purpose." *Id.* The Advisory Committee explained the basis for the requirement in the new subsection (B): "The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose." *Id.*

Here, the Government provides no non-propensity purposes contemplated by Rule 404(b). The Government asserts that the alleged incident demonstrates that the defendants "were conspiring as early as ▮▮▮▮▮▮▮▮ . . . , illustrates the origins of the defendants' conspiracy, demonstrates the longstanding criminal nature of the relationship between the defendants, and establishes that the defendants' had a meeting of the minds on the criminal aims of the conspiracy long before 2009." Gov. Letter at 1. The general purpose to provide a backdrop to the alleged conspiracy is not recognized in Rule 404(b).

At bottom, the Government has deprived the defense of the very protections Rule 404(b) is designed to guarantee—fair notice, meaningful investigation, and the ability to meaningfully litigate admissibility before trial.

### B. The Testimony of Minor Victims-27 and -28 is Not Direct Evidence of the Conspiracy

The testimony of Minor Victims-27 and -28 should not be considered direct evidence of the conspiracy; rather, it is unnoticed Rule 404(b) evidence. "[E]vidence of misconduct may be admissible as direct evidence of the crime charged and not subject to Rule 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Fishman*, 157 F.4th 143, 162 (2d Cir. 2025) (citing *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012)); *see also United States v. Levy*, 731 F.2d 997, 1004 (2d Cir. 1984) (reversing judgment of conviction where district court failed to conduct Rule 404(b) analysis for separate drug transaction occurring on the same day as charged conduct as it was not sufficiently interwoven with the charged conduct). As courts have recognized, "the only practical result of admitting evidence as intrinsic to the charged crime rather than under Rule 404(b) is that the Government escapes 404(b)'s notice requirement." *United States v. Shin*, No. 19 CR. 552 (JPC), 2022 WL 153184, at *4 (S.D.N.Y. Jan. 15, 2022). "[W]hen it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *Id.* (internal citations and quotations omitted).

3

That is precisely the case here. None of the categories permitting treatment as direct evidence of the conspiracy apply to the allegations of Minor Victims-27 and 28. The alleged assaults did not arise out of the same series of transactions as the charged offense, they are not inextricably intertwined with the charged conduct, and they are not necessary to complete the story of the crime on trial. Certainly, it is not "manifestly clear" that this evidence falls into any of these categories.

Unlike all of the other alleged victims whose allegations the Court has determined are evidence of the conspiracy, the allegations of Minor Victims-27 and 28 do not fall within the period of the charged conspiracy. While courts may admit evidence from before a charged conspiracy, the proffered testimony here is nowhere close in time to the beginning of the charged period. The conspiracy, as charged in the S5 Indictment, began in 2008. Minor Victims-27 and 28's alleged sexual assaults occurred ███████████████████████████ years before.

Even where prior acts may establish the background with respect to the charged conspiracy, courts have declined to find that the acts are evidence of the charged conspiracy if they are not "inexorably intertwined" with the charged conduct. For example, in *United States v. Nektalov*, 325 F. Supp. 2d 367, 370 (S.D.N.Y. 2004), the defendants were charged with a two-year conspiracy to commit money laundering beginning in 2001. The Government sought to admit certain transactions, similar to those charged, in the three years directly preceding the charged conspiracy (1998 to 2001) as evidence of the conspiracy. The Court found that the transactions— even though "relevant to show the background of the charged conspiracy" and "similar" to the charged transactions—were not "inexorably intertwined" with the charged conduct "[g]iven that the transactions took place as early as *three years* prior to the charged conspiracy." *Id.* (emphasis added). The Court therefore was "hard pressed to find these transactions *necessary* to complete the story of the charged conspiracy or that they were part of a series of transactions intrinsic to the charged conduct." *Id.* (emphasis in original). As a result, the Court analyzed the evidence under the rubric of Rule 404(b). Here, the evidence is no more necessary and much more remote than in *Nektalov*.

In *United States v. Combs*, 24-CR-542 (AS) (S.D.N.Y. April 18, 2025), the Government similarly made a late disclosure of its intent to offer certain evidence predating the charged RICO conspiracy. Nearly two months after the Rule 404(b) disclosure deadline passed, the Government moved to admit this years-old evidence on grounds that it served as direct evidence of the charged conspiracy and pursuant to Rule 404(b). Because the evidence predated the alleged conspiracy, like here, the Court analyzed the evidence under the rubric of Rule 404(b). The Court excluded the evidence as it "appear[ed] to go to Mr. Combs's character and propensity for sexual violence more than anything else," was "substantially different from other incidents relating to victims in the indictment," and was "potentially explosive in ways that the actual[] charged conduct . . . is not." *Id.*, ECF 263, Tr. at 7-8. With respect to timeliness, the Court noted that it "is sensitive to the defense's concern with so little time before trial adding additional alleged victim, especially where the underlying allegations are substantially different from what is specifically allege[d] in the indictment and has been the focus of this case is potentially prejudicial." *Id.* at 8.

So too, here. Because the testimony of Minor Victims-27 and -28 significantly predates the charged conspiracy and otherwise does not involve the same means and methods of the alleged conspiracy, it is classic Rule 404(b) evidence, which requires notice to the defense.

4

### C. Even If the Testimony is Direct Evidence of the Conspiracy, It Should be Precluded

#### 1. *The Government waived its ability to introduce this testimony.*

Should the Court find that evidence relating to Minor Victims-27 and -28 is direct evidence of the conspiracy and not barred by Rule 403, the evidence should still be precluded because the Government waived its ability to introduce the testimony. Indeed, the Government *affirmatively* told the defense and the Court that it was *not* intending to offer this specific evidence. In the very first line of its response at the December 11, 2025 hearing, the Government represented: "[T]here is evidence *we are not seeking to introduce* . . . from the time the defendants were in high school." ECF 276, Dec. 11, 2025 Tr. at 62:11-13 (emphasis added).

Since the inception of this case, the Government has been clear that it was not seeking to use this remote event from when the defendants were ▮▮▮▮▮. The Government even represented to the Court that it would not seek to admit this evidence. The Government should not be permitted to make these representations, knowing that the defense will rely upon them, and then within a week of jury selection say for the first time that it wants to use the precise evidence it represented it would not use.

There are consequences to promises that parties make in litigation, and one of those consequences is that the party must keep its promise. The Court will recall that when defense counsel sought to reexamine an agreement with the Government concerning the timing of defense exhibits, the Court announced the principle to defense counsel of "a deal's a deal." *See* ECF 254, Dec. 5, 2025 Tr. at 82 ("THE COURT: . . . my view is, that there's a really ancient -- it goes back to Blackburn or maybe even beyond that, own common law rule. A deal[']s, a deal[]."). Counsel sought a brief adjournment, and then told the court that indeed a deal is a deal, and that counsel would abide by the promises made by his co-counsel. *Id.* at 84-86. The same is true here. The Government made a promise to not use this information. That promise was relied upon. Indeed, defense counsel brought no motion in regard to this evidence because the Government promised it would not use it. A deal is a deal. And a deal here was made.

#### 2. *The testimony should be precluded as untimely and unfair to the defense.*

The evidence should also be precluded because the Government knew of this evidence since June 2024 and failed to move for its admission until one-week before trial. Any other result would disadvantage the defendants due to the Government's gamesmanship.

On October 17, 2025, pursuant to the Court's Scheduling Order (ECF 163), the Government provided its initial Rule 404(b) and Rule 413 notice of the victims it intended to call at trial. The Government produced 3500 material on October 27, 2025, which included 302s from Minor Victims-27 and -28, among over 100 other witnesses, many of whom were alleged victims the Government did not notice or intend to call at trial. Although the defendants had possession of the 302s for Minor Victims-27 and -28, absent notice of the Government's intent to call these witnesses at trial, the defense was, unsurprisingly, given the impression they were irrelevant to the case. Without notice that they would testify at trial, the defense had no reason to investigate these incidents or even consider them. The prejudice is only magnified by the age of these allegations. The incidents the Government now seeks to introduce are ▮ years old, making any meaningful investigation exceedingly difficult, if not impossible. The "solution" that the Government has offered—that they will simply call these witnesses at the end of its case-in-chief to give the defense

5

time to investigate—is no solution at all.  In fact, it is an admission that the defense has inadequate time to investigate these allegations before trial begins.  The defense cannot possibly be expected (or constitutionally required) to conduct a serious investigation into decades-old allegations while simultaneously trying a complex federal case.

The Government appears to take the position that their untimeliness is excused by the defense recently opening the door to this testimony.  The Government argues that the defendants "invited the introduction of this evidence by arguing there was no 'meeting of the minds' between the defendants 'to obtain women' and intoxicate them prior to May 2009." Gov. Letter, at 5 (citing Dec. 11, 2025 Tr. at 62).  As a threshold matter, any conspiracy offense involves a requirement that there be an agreement, or a meeting of the minds.  The defense pointing out (unsurprisingly so) that there is no such agreement here, and that there are deficiencies in the indictment, does not give the Government license to admit unnoticed bad acts.

To the extent the Government claims that this evidence is admissible in response to a "new" defense argument, that is simply false.  The defense has raised issues concerning the charged period of the conspiracy numerous times, including from the very outset of this case.  Indeed, with respect to the beginning of the alleged conspiracy, in Tal's motion to dismiss, filed on June 9, 2025, the defense plainly stated: "*The Indictment fails to identify when the unlawful agreement was made*; where it was made; who was part of the conspiracy (though the Indictment makes vague reference to "others"); and what specifically the agreement entailed." ECF 76, at 22 (emphasis added); *see also* ECF 97, at 7 (June 16, 2025) ("When the indictment's only basis for a conspiracy charge, only basis for alleging an unlawful agreement, is a supposed M.O. or pattern as the indictment fails to allege in any way, much less with any requisite specificity, any facts establishing an agreement the lack of such a relied upon M.O. or pattern is fatal. The conspiracy count . . . does not sufficiently allege an unlawful agreement.").  Moreover, as far back as the detention hearing before this Court on January 15, 2025, the defense challenged the end-date of the conspiracy.  As this Court noted, "[t]he defense has, obviously, made a big deal out of the fact that the agent testified . . . that to her knowledge, the last event that the government knows about in the conspiracy happened in 2021." ECF 37, Jan. 15, 2025 Tr. at 84:6-9.  The Government has long been on notice that the defense has taken issue with the period of the charged conspiracy.  This is not new.

And even if the defense *had* made a new argument, the Government alleges the defense raised it at a hearing on December 11, 2025.  The Government *still* waited until January 12, 2026 to move to admit evidence purporting to establish a meeting of the minds before 2008.  In the month following the hearing, the Government failed to supplement its Rule 404(b) notice, failed to include Minor Victims-27 and -28 on its initial witness list (dated December 22, 2025), failed to include Minor Victims-27 and -28 on its updated witness list (dated January 7, 2026), and otherwise failed to move to admit the evidence.

The Government's untimeliness in moving on this highly prejudicial and inflammatory evidence is fundamentally unfair to the defense and should not be accepted.

### D.  The Testimony of Minor Victims-27 and -28 Should Be Precluded Under Rule 403

To date, the Court has deferred its decision on Rule 403 arguments with respect to testimony of alleged victims not charged in the indictment.  The Court has expressed that the deciding factor in its determination will be the issue of cumulativeness, which it cannot decide

before hearing the evidence. Respectfully, the Court should not defer its Rule 403 ruling here. The prejudice goes far beyond the cumulative nature of the testimony.

Evidence of prior acts, such as Minor Victims-27 and -28's testimony, should be excluded where they are "more inflammatory than the conduct for which [the defendant is] being tried." *United States v. Schaffer*, 851 F.3d 166, 183 (2d Cir. 2017); *United States v. Zhong*, 26 F.4th 536, 552 (2d Cir. 2022) (abuse of discretion to admit evidence that "was significantly more sensational and disturbing than the charged crimes"). As the Supreme Court has explained, one risk is that the evidence will "weigh too much with the jury" and thus "overpersuade them as to prejudge" the defendant. *Michelson v. United States*, 335 U.S. 469, 476 (1948). Worse yet, the jury may view the uncharged acts as "calling for preventive conviction even if he should happen to be innocent" of the charged offenses. *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997). The risk, in other words, is that a jury "uncertain of guilt . . . will convict anyway because a bad person deserves punishment." *Id.* at 181 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982) (Breyer, J.)).

The proffered evidence here is not only "disturbing," as the Government acknowledges (Gov. Letter at 4), but it stands in stark contrast to the testimony of all the other victims the Government intends to call for several key reasons. ▇

That makes this testimony particularly inflammatory.



he danger of unfair prejudice because of this is incredibly high.

On the other hand, the probative value of this incident is low. Unlike the numerous other acts that the Court has found constitutes direct evidence of the conspiracy, this alleged incident occurred well outside the period of the charged conspiracy. "Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability." *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997); *see also Zhong*, 26 F.4th at 552-53 (2d Cir. 2022) (abuse of discretion to admit prior bad acts, in part, because they occurred ten years before the charged conduct); *Combs*, 24-CR-542 (AS) (S.D.N.Y. April 18, 2025) (excluding 20-year-old evidence). In addition, there is absolutely no evidence of "trafficking" activity at all – where in the 3500 material or the Government's letter is there an allegation that something of value was provided to induce the alleged victims to do anything? What was the inducement? There is none.

---

[3] Minor Victim-3 was two days shy of turning 17 at the time of her allegations. Two additional victims, Minor Victims-25 and -26, may also testify, as direct evidence of the conspiracy, about assaults that occurred when they were 17 years old.

This is a ████████████, plain and simple. It does nothing to advance the Government's theory that there was a sex trafficking conspiracy.

Because the probative value of this evidence is substantially outweighed by the distinct danger of unfair prejudice, the Court should exclude this testimony under Rule 403.

\*      \*      \*

For the above-stated reasons, we respectfully request that the Court deny the Government's motion to admit the testimony of Minor Victims-27 and -28.

                                              Respectfully submitted,

                                              */s/ Milton L. Williams*
                                              Milton L. Williams
                                              Deanna M. Paul
                                              Alexander Kahn
                                              *Attorneys for Defendant Tal Alexander*

                                              */s/ Howard Srebnick*
                                              Howard Srebnick
                                              Jackie Perczek
                                              *Attorneys for Defendant Alon Alexander*

                                              */s/ Marc Agnifilo*
                                              Marc Agnifilo
                                              Zach Intrater
                                              Teny Geragos
                                              *Attorneys for Defendant Oren Alexander*

cc:     All counsel