```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/9/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :
        -against-                                              :    24-CR-676 (VEC)
                                                               :
ALON ALEXANDER, OREN ALEXANDER, and                            :    MEMORANDUM
TAL ALEXANDER,                                                 :    OPINION AND ORDER
                                                               :
                                Defendants.                    :
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On February 3, 2026, Minor Victim 26 filed a motion to quash a third-party subpoena served on her by Defendants. See Dkt. 384. The Court granted the motion to quash on February 4, 2026. See Dkt. 386. On February 4, 2026, Victim 9 filed a motion to quash an identical subpoena issued to her by Defendants, see Dkt. 388, which the Court also quashed, see Dkt. 389. On February 6, 2026, Minor Victim 25 filed a motion to quash a subpoena identical to the ones served on Minor Victim 26 and Victim 9. See Dkt. 396. Instead of quashing this subpoena outright, however, the Court ordered that Defendants submit a response to Minor Victim 25's motion to quash. See Dkt. 402. The Court stated that, "[i]f Defendants can articulate how the Rule 17(c) subpoena issued to Minor Victim 25 . . . satisfies the standard set forth in *United States v. Nixon*, 418 U.S. 683, 700 (1974) . . . the Court will *sua sponte* reconsider its previous orders quashing identical subpoenas issued to Victim 9 and Minor Victim 26, respectively." *Id.*

On February 7, 2026, in response to the Court's request, Defendants submitted a letter opposing each of the motions to quash submitted by Minor Victim 26, Victim 9, and Minor Victim 25. See Def. Opp. (under seal). With one narrow exception, Defendants' opposition letter fails to demonstrate that any of the three subpoenas in question satisfy the *Nixon* standard.

As such, the Court's prior order granting Victim 9's motion to quash, *see* Dkt. 389, is AFFIRMED. The Court prior order granting Minor Victim 26's motion to quash, *see* Dkt. 386, is AFFIRMED in part and MODIFIED in part. Minor Victim 25's motion to quash, *see* Dkt. 396, is GRANTED.

DISCUSSION

Under the *Nixon* standard, the proponent of a subpoena "must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (quoting *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014)). Defendants' opposition letter begins not by addressing the sufficiency of the three subpoenas *duces tecum*, but instead by challenging the applicability of the *Nixon* standard itself. Defendants argue that *Nixon* "should not control subpoenas issued by a Defendant in a criminal trial," Def. Opp. at 2 (capitalization corrected), and that the Court should adopt the standard for "trial subpoenas" articulated in *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008), which requires a more limited showing that the "request[s are] (1) reasonable, construed as 'material to the defense,' and (2) not unduly oppressive for the producing party to respond."[1]

This Court has previously considered – and rejected – the argument that Defendants advance here, as have many others. Defendants have not proffered a compelling reason why a trial subpoena should be "subject to less demanding scrutiny or a lower standard than pre-trial subpoenas." *United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at *2

---

[1] *Tucker* asserts that the *Nixon* standard "is inappropriate where [document] production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense." *Tucker*, 249 F.R.D. at 66.

(S.D.N.Y. June 14, 2018). Indeed, "[a]lthough the *Nixon* case addressed a pre-trial subpoena, the same standard has been applied to trial subpoenas for documents." *Id.*; *see also, e.g.*, *United States v. Seabrook*, No. 16-CR-467 (ALC), 2017 WL 4838311, at *2 (S.D.N.Y. Oct. 23, 2017) (applying *Nixon* to a trial subpoena for impeachment material); *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-175 (TEH), 2016 WL 3365754, at *3 (N.D. Cal. June 17, 2016) (noting that "the same standard applies" to Rule 17(c) trial subpoenas as Rule 17(c) pre-trial subpoenas); *United States v. Peavler*, No. 15-CR-14 (GFVT) (REW), 2017 WL 1018304, at *2 (E.D. Ky. Mar. 10, 2017) ("The same general standard applies to subpoenaed production of documents at the time of trial.").

Defendants' preferred *Tucker* standard "has been repudiated by most courts in this district." *Percoco*, 2018 WL 9539131, at *2 n.2; *United States v. Barnes*, No. (S9) 04-CR-186 (SCR), 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("Though the *Tucker* Court found this relaxed standard appropriate, it is not the prevailing law. Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party subpoenas issued by the defense."); *United States v. Cole*, No. 19-CR-869 (ER), 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021) ("Consistent with the overwhelming majority of courts in this District, along with the Second Circuit's statement in *Bergstein*,[2] the Court applies the *Nixon* standard to review [] trial subpoena[s] served upon a third party."); *United States v. Pedraza*, No. 17-CR-00114 (VAB), 2018 WL 6697992, at *2 (D. Conn. Dec. 20, 2018) (describing *Tucker* as an "aberration"); *United States v. Yudong Zhu*, No. 13-CR-761, 2014 WL 5366107, at *4 (S.D.N.Y. Oct. 14, 2014) ("[U]ntil the Supreme Court or the Second Circuit

---

[2]  In *United States v. Bergstein*, the Second Circuit observed, without deciding between the differing standards articulated in *Nixon* and *Tucker*, that both the Second Circuit and district courts have applied the *Nixon* standard when assessing third-party subpoenas. 788 F. App'x 742, 746 (2d Cir. 2019) (summary order).

accepts the Court's analysis in [*Tucker*], this Court will apply *Nixon*[.]"); *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *1 (S.D.N.Y. May 17, 2018) ("[C]ourts in the Second Circuit have almost unanimously applied *Nixon* to subpoenas served on third-parties."); *United States v. Ray*, 337 F.R.D. 561, 573 n.4 (S.D.N.Y. 2020) ("[The] Second Circuit has routinely applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant, and *Tucker* has not generally been followed in this Circuit." (internal citation omitted)); *United States v. Shestakov*, No. 23-CR-16 (JHR), 2025 WL 507523, at *1 & n.2 (S.D.N.Y. Feb. 14, 2025) (slip op.) (rejecting *Tucker* in favor of *Nixon*); *United States v. Pierre*, No. (S2) 22-CR-19 (PGG), 2023 WL 7004460, at *15 n.10 (S.D.N.Y. Oct. 24, 2023) (noting that *Tucker* is an outlier before proceeding to review third-party subpoena under *Nixon* standard). "Accordingly, the Court declines to follow *Tucker* and [will] appl[y] *Nixon*" here. *United States v. Blondet*, No. 16-CR-387 (JMF), 2022 WL 485031, at *1 n.2 (S.D.N.Y. Feb. 16, 2022).

The question, then, is whether any of the trio of Defendants' subpoenas *duces tecum* meet *Nixon*'s three three-part standard of relevance, admissibility, and specificity. Defendants contend that they do, as they are "narrowly tailored" and comply with *Nixon* because "Defendants have a factual basis to believe that the materials sought by the subpoena[s] exist." Def. Opp. at 4. With one minor exception, the Court disagrees.

Belief that materials exist is necessary, but not alone sufficient under Rule 17(c). The party seeking production must also reasonably articulate, with some level of specificity, "the information contained or believed to be contained in the documents" sought. *United States v. Sawinski*, No. 00 CR. 499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (internal quotation marks omitted); *United States v. Bergstein*, No. 16-CR-746 (PKC), 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) (even if "the proponent of a Rule 17(c) subpoena [has] reason to

4

believe certain materials exist, [] the proponent must still 'specifically identify the materials [the proponent] is seeking to bear out his [or her] suspicions'" (quoting *Pena*, 2016 WL 8735699, at *3)). Defendants' subpoenas generally fail to satisfy that standard. The subpoenas request from each victim all "photographs," "videos," "social media posts," and "non-privileged communications (*e.g.*, texts, DMs, Facebook messages, etc.)," "regarding events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander, which occurred on or about January 26-27, 2017." Defendants have made no showing that these materials exist whatsoever, nor that the information contained therein is likely to be relevant and admissible. To be sure, photographs, videos, social media posts, and communications *might conceivably* be relevant and admissible *if* they specifically mention Defendants. Indeed, Defendants' have issued their subpoenas with the hope that they do. But "merely hop[ing] that something useful will turn up" is not enough for Defendants to satisfy their burden. *Sawinski*, 2000 WL 1702032, at *2 (quoting *United States v. Noriega,* 764 F. Supp. 1480, 1493 (S.D. Fla.1991)). That the victims may have posts or communications *about* the weekend in question does not mean, *ipse dixit*, that those materials have anything to do with the events that allegedly occurred at the Little Nell or are necessarily useful as fodder for impeachment. Likewise, Defendants seek any and all photos and videos "regarding the events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander." Standing alone, it is not clear how or why such pictures or videos would be admissible – even if the documents exist.[3]

In short, the subpoenas are not designed to yield specific, admissible evidence. Defendants' hope that each victim *may* have materials that "regard[]" topics and individuals implicated by this case, and thus *may* have materials that *could* prove to be relevant and

---

[3] For example, a selfie of the victims and their friends taken before they left their hotel for the Bootsey Bellows would be responsive to the subpoena, but it is hard to conceive how it would be relevant or admissible.

5

admissible, is insufficient to sustain their burden under *Nixon*. *See United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*."); *United States v. Avenatti*, No. (S1) 19-CR-373 (PGG), 2020 WL 508682, at *5–6 (S.D.N.Y. Jan. 31, 2020) (quashing request for "all" communications that reference Defendant over nine-month period).

Defendants' opposition letter does, however, articulate a narrow set of materials that arguably hurdles *Nixon*. Defendants note that Minor Victim 26 "told law enforcement that she called or texted a friend and told her friend something happened in Aspen." Def. Opp. at 4. Although this critical context is altogether absent from the subpoena that was served on Minor Victim 26 (which itself demands a broader set of unrelated materials), considering Defendants' proffer, the Court will modify its prior order granting Minor Victim 26's motion to quash in full. Minor Victim 26 must produce the communications referenced in her prior interviews with the Government in which she told her friend "something happened in Aspen."[4] To the extent that Defendants' subpoena to Minor Victim 26 seeks additional materials, it otherwise remains quashed.

## CONCLUSION

For the foregoing reasons, the Court's order granting Victim 9's motion to quash is AFFIRMED. The Court's order granting Minor Victim 26's motion to quash is AFFIRMED in

---

[4] During her sworn testimony on February 9, 2026, Minor Victim 26 stated that she has no photos, communications, or documents, other than those that have already been provided to the Government, that would be responsive to Defendants' subpoena. Minor Victim 26's testimony confirms that the subpoena return would be a null set, regardless of her motion to quash. As such, the Court finds that Minor Victim 26 has fully complied with Defendants' subpoena, as modified herein.

part and MODIFIED in part, consistent with the Court's discussion herein. Defendants' subpoena to Minor Victim 25 is QUASHED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 396.

SO ORDERED.

Date: February 9, 2026
New York, NY

                                                                VALERIE CAPRONI
                                                                United States District Judge