# AGNIFILO
# INTRATER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2026

February 18, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007



Re:   *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
      24 Cr. 676 (VEC)

Dear Judge Caproni:

The defense writes to (1) request a reasonable doubt charge; and (2) request additional time to submit a proposed charge to the jury as to the defendants' theory of the defense.

Reasonable Doubt Charge

With respect to the reasonable doubt charge, the defense requests the charge that Judge Nathan gave to the jury in *United States v. Maxwell*:

> The question that naturally arises is: "What is a reasonable doubt?" What does that phrase mean? The words almost define themselves. A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence. It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.
>
> Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense. Reasonable doubt is not whim or speculation. It is not an excuse to avoid an unpleasant duty. Nor is it sympathy for the Defendant. The law in a criminal case is that it is sufficient if the guilt of the Defendant is established beyond a reasonable doubt, not beyond all possible doubt. Therefore, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the Defendants' guilt as to any crime charged in this case, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict the Defendants of the particular crime in question.
>
> On the other hand, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the Defendants' guilt as to any charge, that you do not have an abiding belief of her guilt as to that charge—in other words, if you have such a doubt as would reasonably cause a

The Honorable Valerie E. Caproni
February 18, 2026
Page 2 of 3

prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit the Defendants of that charge.[1]

Defense Theory of the Case

With respect to the charge for the defense theory of the case, the defense requests until next week to submit this charge. Yesterday at 3 p.m., the government provided a 24-page draft summary chart. As of 9:45 a.m. today, the government provided the defense with 88 additional exhibits it intends to introduce through a summary witness in its case-in-chief. On Monday, the government also informed the defense of two additional witnesses it intends to call—neither of whom were previously on its original or revised witness lists. One witness has no 3500 material associated with her. Because the defense is not fully informed of the totality of the government's case in chief, we should not, most respectfully, be in a position of having to commit to a theory of defense more than a week before the government has rested.

Accordingly, at such time as the government has provided all summary charts, the exhibits comprising such charts and 3500 material as to all witnesses it intends to call at this trial, the defendants will very promptly thereafter provide to the Court its theory of defense. However, doing so now would unfairly put the defense in the position of making these decisions based on incomplete information. In addition, because the government still seeks to add witnesses and information to summary charts, it would cause the additional, and we submit unconstitutional, unfairness of allowing the government to make changes to its presentation of evidence based on the defense's proffered defense. This would violate the defendants' right to due process by making the defense commit to a defense prior to the government completing its case in chief.

Thank you for your consideration.

Respectfully submitted,

_____
Marc Agnifilo
Zach Intrater
Teny R. Geragos

*Attorneys for Oren Alexander*

---

[1] *United States v. Maxwell*, 20-cr-00330, ECF 565 at 14 (S.D.N.Y. Dec. 19, 2021); *see also, e.g., Victor v. Nebraska*, 511 U.S. 1, 20 (1994) ("[T]he instruction provided an alternative definition of reasonable doubt: a doubt that would cause a reasonable person to hesitate to act. This is a formulation we have repeatedly approved."); *United States v. McBride*, 786 F.2d 45, 52 (2d Cir. 1986) (holding that "the 'hesitate to act' language . . . would be preferable" to alternative formulations such as "real possibility" language).

The Honorable Valerie E. Caproni
February 18, 2026
Page 3 of 3

                              Howard Srebnick
                              Jackie Perczek

                              *Attorneys for Alon Alexander*

                              Milton L. Williams
                              Alexander V. Kahn
                              Deanna Paul

                              *Attorneys for Tal Alexander*

cc:    All counsel (via ECF)

---

Application GRANTED in part. The Court will take Defendants' proposed reasonable doubt charge under advisement.

Defendants' deadline to submit a proposed theory of the defense charge is ADJOURNED *nunc pro tunc* from Wednesday, February 18, 2026, to **Wednesday, February 25, 2026**.


SO ORDERED.

*[signature]*                    2/19/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE