

17 State Street
39th Floor
New York, NY 10004

Office 212·232·2500
Fax 212·232·2509

TorganCooperAaron.com

ATTORNEYS AT LAW
EVAN TORGAN
EDWARD T. COOPER
MITCHELL K. AARON

JONATHAN TABAR
BRENDAN BROWN

MITCHELL R. DRACH
Of Counsel

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/26/2026___

**MEMO ENDORSED**

February 24, 2026

**VIA ECF - REDACTED**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander*
> S4 24 Cr. 676 (VEC)
> Letter Motion to Quash Rule 17(c) Subpoena on behalf of Victim 13

Your Honor:

We represent Victim 13 in the above-captioned matter. By this letter motion, we respectfully move to quash a subpoena issued pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17"), which was served on February 23, 2026 and is returnable upon the witness's testimony. A copy of the subpoena is attached as **Exhibit A**.

As fully set out below, this subpoena suffers from the same — indeed, nearly identical — defects that led this Court to quash prior Rule 17 subpoenas in this case. Although styled as a trial subpoena, the subpoena seeks broad categories of personal digital communications, untethered to any identified admissible evidence, whose only conceivable use would be impeachment. That is precisely what Rule 17 does not permit, and precisely what this Court has already prohibited. Additionally, two of the three requests of this mid-trial subpoena demand production of electronically stored information in native format with all metadata preserved, which is in itself unreasonable and oppressive.

| TORGAN, COOPER + AARON, P.C. |

## PRELIMINARY STATEMENT

At the outset, we note that this motion addresses Requests Nos. 2 and 3 of the subject subpoena. Immediately upon receipt of the subpoena, and after consultation with our client, my office advised defense counsel that Victim 13 is not in possession of any "Gett Taxi App" receipt or similar document responsive to Request No. 1.

We also note that prior to filing this motion, we made repeated efforts to resolve our objections to Requests Nos. 2 and 3 without Court intervention. Over the course of three separate phone calls with defense counsel, my office expressed willingness to find common ground and agree to reasonable limitations or scope that might render the subpoena compliant with Rule 17. However, during those discussions, when requested to identify the particular communication, time frame, or subject matter they believed existed so that the request could be narrowed to discrete, identifiable evidence, defense counsel declined to do so. Instead, counsel maintained that the subpoena "spoke for itself," asserted that it was already narrow, and instructed that we should simply ask our client for "all" messages with the referenced individual.

Similarly, when asked to identify the date, topic of conversation, or specific statement supposedly contained in §3500 material, counsel refused, while simultaneously asserting entitlement to any communication "regarding" Alon Alexander and "the experience in Israel," without defining terms. In short, defense counsel demanded a wholesale search of Victim 13's private communications history, while declining to reasonably specify what the defense contends exists or why it would constitute admissible evidence.

Because defense counsel would not agree to any narrowing or limitations with respect to Requests Nos. 2 and 3, and instead insisted on full compliance with open-ended demands for private communications, we were left with no choice but to once again seek relief from the Court.

## I. RULE 17 IS NOT A DISCOVERY DEVICE AND DEMANDS SPECIFIC, ADMISSIBLE EVIDENCE

Rule 17 permits subpoenas *duces tecum* only within narrow limits and directs courts to quash demands that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The Supreme Court has made clear that Rule 17 "was not intended to provide a means of discovery for criminal cases," but rather to facilitate the inspection of specific evidentiary materials for use at trial. *United States v. Nixon*, 418 U.S. 683, 698–99 (974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)).

| TORGAN, COOPER + AARON, P.C. |

To enforce that limitation, *Nixon* requires that subpoenaed materials be: (1) evidentiary and relevant; (2) not otherwise procurable reasonably in advance of trial by due diligence; (3) necessary for trial preparation; and (4) sought in good faith and not as a general fishing expedition. *Nixon*, 418 U.S. at 699–700. The subpoena here fails because it does not seek identified evidence, but instead demands broad categories of personal communications in the hope that something useful may surface.

## II. REQUEST NO. 2 IS VAGUE, UNDEFINED, AND FAILS THE SPECIFICITY REQUIREMENT

On its face, Request No. 2 is not a request for an identified item of evidence. It is an instruction to produce an entire universe of communications with a person — without any defined time range, platform, subject matter, or message-level identification — based on defense counsel's bald assertion that something appears in §3500 material that counsel will not describe. That framing collapses Rule 17's specificity requirement into a tool to exercise leverage to compel the victim to search through her private communications history for "all" messages.

That is exactly the defect the Court addressed in its prior endorsed decision, in finding that Rule 17 demands must "identify specific, relevant evidence that is likely to be admissible," and where the moving party "cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity has not been met." (citing *Nixon*, 418 U.S. at 700, and *United States v. Sawinski*, No. 00 CR. 499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000)); *See also* Memo Endorsed at ECF Doc. 386.

Courts in this District have repeatedly rejected Rule 17 subpoenas that seek "any and all" categories of communications without reference to specific admissible evidence. *See United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513–14 (S.D.N.Y. 2013) (subpoenas seeking "any and all documents" without tethering to specific admissible evidence reflect prohibited discovery). Further, a Rule 17 subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought," rather than "merely hop[ing] that something useful will turn up." *Mendinueta-Ibarro*, 956 F. Supp. 2d at 514 (quoting *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)).

Defense counsel's refusal to identify even a topic, date range, or exemplar communication underscores the problem. The subpoena effectively directs Victim 13 to perform the very "dig through her files and communication history" exercise the Court prohibited hoping that something helpful might surface. That is a discovery request, not a Rule 17 request for specific evidence.

3

TORGAN, COOPER + AARON, P.C.

## III. REQUEST NO. 3 EMPLOYS THE SAME "REGARDING" LANGUAGE THE COURT HAS ALREADY PROHIBITED

Request No. 3 demands Victim 13's non-privileged communications "regarding" one of the defendants. This is the same formulation the Court has already rejected in this case. *See* Memo Endorsed at ECF Doc. 386.

In its February 4, 2026 order, the Court quashed a subpoena seeking broad categories of a victim's communications relating to the defendants and alleged events, holding that Rule 17 subpoenas must identify "specific, relevant evidence that is likely to be admissible," and that where the proponent "cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity has not been met." *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Sawinski*, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000).

The present request mirrors the language the Court already rejected. It again asks the witness to search through her communications history in the hope that something useful may surface. A demand for communications "regarding" a person or event is not a request for identified evidence; it is an invitation for a retrospective relevance search driven by defense counsel's theory of the case. The Court has already held that Rule 17 does not allow such demands.

## IV. THE SUBPOENA SEEKS IMPEACHMENT AND DISCOVERY, NOT EVIDENCE

The only conceivable purpose of the demanded materials is impeachment by searching for perceived inconsistencies. As set out above, however, Rule 17 is not a discovery device but exists only to secure specific evidentiary materials for trial. *See United States v. Nixon*, 418 U.S. 683, 698–99 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951).

Courts in this District have consistently rejected subpoenas seeking broad categories of communications without reference to specific admissible evidence. *See United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513–14 (S.D.N.Y. 2013); *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005). A Rule 17 subpoena must be able to reasonably specify the information believed to be contained in the requested materials, not merely speculate that something helpful might be found.

Where, as here, the relevance of the requested material depends entirely on how a witness testifies, the request falls outside the Rule's narrow scope. Courts have recognized that Rule 17 may not be used to obtain material whose sole purpose is impeachment. *See United States v. Binday*, 908 F. Supp. 2d 485, 498–99 (S.D.N.Y. 2012); *United States v. Weissman*, 2002 WL

4

| TORGAN, COOPER + AARON, P.C. |

31875410, at 1 (S.D.N.Y. Dec. 26, 2002). Speculative assertions that materials might later become useful do not cure the defect where the proponent cannot identify specific admissible evidence.

Here, defense counsel has refused to identify any specific statement, communication, or document believed to exist, and instead seeks access to categories of communications so they may later be mined for impeachment. Again, that is not a request for evidence; it is a request for discovery.

## V. MID-TRIAL SERVICE OF RULE 17 SUBPOENAS SEEKING PERSONAL DIGITAL COMMUNICATIONS IS UNREASONABLE AND OPPRESSIVE

The subpoena is also improper because it was served during trial and seeks personal digital communications from a victim. Courts recognize that such mid-trial demands are particularly burdensome where they require the witness to search for years of personal communications without guidance as to what is sought. Particularly when such a demand is served on the eve of the Victim's testimony.

Courts have found mid-trial subpoenas demanding personal digital information to constitute as an improper use of subpoena power amounting to an impermissible fishing expedition. *See United States v. Nix*, 251 F. Supp. 3d 555, 559–60 (W.D.N.Y. 2017). Rule 17(c)(3) provides heightened protection when subpoenas seek personal or confidential information from victims and requires meaningful notice and an opportunity to seek judicial review before compliance is compelled. *See United States v. Ray*, 337 F.R.D. 561, 565–66 (S.D.N.Y. 2020).

The subpoena here requires production in native format with metadata preserved on the day of testimony. That is not the production of a discrete evidentiary item; it is a demand that the witness effectively assemble a searchable archive of her communications for the defense. Such demands impose substantial burdens on witnesses and are precisely the type of unreasonable and oppressive requests Rule 17(c)(2) was designed to prevent.

## CONCLUSION

In sum, requests No. 2 and No. 3 fail to identify specific admissible evidence, repeat language this Court has already rejected, seek speculative impeachment material, and impose unreasonable and oppressive burdens on Victim 13. The subpoena therefore constitutes the very fishing expedition the Court has already disallowed in this case. For these reasons, the subpoena should be quashed in its entirety pursuant to Rule 17.

| TORGAN, COOPER + AARON, P.C. |

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: /s/ *Evan Torgan*
    Evan Torgan
    Jonathan Tabar

---

Application GRANTED.  For the reasons stated on the record on February 24 and 25, 2026, Defendants' Rule 17(c) subpoena to Victim 13 is QUASHED in full.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 426.

SO ORDERED.

*[signature]*       2/26/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---